**Ricky JOHNSON, Petitioner**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 4, 2005.

Decided Jan. 9, 2006.

---

Harry J. Cancelmi, Jr., Waynesburg, for petitioner.

Arthur R. Thomas, Asst. Counsel and Victoria S. Freimuth, Chief Counsel, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, and LEADBETTER, Judge, and KELLEY, Senior Judge.

OPINION BY Judge LEADBETTER.

Ricky Johnson petitions for review of the order of the Pennsylvania Board of Probation and Parole (Board), which denied his request for administrative relief, thereby affirming his recommitment as a convicted parole violator to a State Correctional Institution to serve twelve months backtime. The critical issue on appeal is whether the Board proved by a preponderance of the evidence that Johnson's revocation hearing was timely. After review, we conclude that the Board did not meet its burden and, therefore, reverse the order of the Board and dismiss the parole violation charges forming the basis of the Board's revocation of Johnson's parole.

On August 10, 2003, while on parole, Johnson was arrested and charged with drug offenses. The Board lodged a detainer on August 11, and Johnson posted bail on August 14, thereafter remaining in custody solely on the Board's detainer. Johnson was subsequently returned to a State Correctional facility. On October 5, 2004, Johnson was transferred to the Court of Common Pleas of Philadelphia County where he pled guilty and was sentenced to a term in a State Correctional facility for the most recent drug offenses. It appears from the certified record that a panel revocation hearing was originally scheduled for January 21, 2005, but that hearing was rescheduled. On January 21,

the hearing was continued to February 11, 2005, due to "certification of conviction not received." *See* Certified Record (C.R.) at 39.

At the subsequent hearing on February 11, counsel for Johnson objected to the timeliness of the hearing, asserting that Johnson believed that his parole agent was given notice of his conviction on *October 5, 2004,* the day that he pled guilty. The following exchange then occurred:

Mr. Dibernardo [Hearing Examiner]: *I'm looking at a continuance that was granted on January 21, 2005, and on that there was still no certification of the conviction received by the agent,* and due to that aspect of it, it is a timely hearing. It starts [presumably the 120–day period in which to hold a hearing] when official verification is received, and the official verification as of the last hearing date was still not received.

Ms. Finkelman [Johnson's counsel]: ... Mr. Johnson feels that he has been punished for the time that has elapsed in that he doesn't understand why it took so long for his certification of conviction of paperwork to be received.

. . . .

Mr. Dibernardo: The explanation would be many and multi. The agent did attempt to have the hearing within the 120–day time frame. The agent didn't receive official certification. Since he did show a good faith effort and attempted to have the hearing, he knew that the hearing had to be done within 120 days. He was prepared to proceed with the hearing with 120 days but due to the fact that the Philadelphia court system did not issue any certified copy of conviction he could not have proceeded at that time because at the time if we

proceeded with the hearing you could have objected that there was no official verification of conviction. *So the agent at that point requested a continuance until Philadelphia provided him with the appropriate paperwork which I'm assuming it's here today. I have no idea, but I'm assuming there's a certification of conviction today because the agents are ready to proceed at this point.*

Mr. Johnson: What I would like for you to read is just if it's possible, and Mr. Castor, I have a copy, I'm not denying or trying to make this like a legal thing. My situation is when I came back on October 5 with the sheriff's from Philadelphia they personally had a copy of my status and showed me, and gave it to the sheriffs here and the people here when I came, and it stated that I took the deal from 1 to 3 ... And I'm not, you know, trying to make it out to be no long drawn out process but for five months, almost five months, they're stating that they didn't have no certification of my conviction. And it clearly states when I came back when I took the deal they brought the paperwork back with me....

Mr. Dibernardo: I know when you were arrested, sir, and I take note on what you stated. And the agent has to get official verification from the court system, and the agent did not get verification from the court system.... We will put down what you state, and we'll mark it as D–1.[1]

. . . .

Mr. Castor [Board member]: And what we'll do is, now listen carefully, we're going to note it [the objection to timeli-

---

1. D–1 presumably refers to an exhibit Johnson tried to offer at the beginning of the hearing. It was not accepted when initially presented and although later marked and accepted, it does not appear in the certified record.

ness] for the record, preserve it for the record. We're going to overrule it today but when the green sheet comes if you're unhappy with what it says then in deference to the point your objection is preserve [sic] and then your appeal goes forward at that point. . . .

. . . .

Mr. Castor: . . . *We're going to overrule that objection because certification is not received until after 1/21/05,* which even if it had been received that day it would make the hearing timely until somewhere around 5/21/05.

Hearing of February 11, 2005, C.R. at 50–55 (footnote and emphasis added). After the objection to timeliness was denied, Agent Bentzley testified that Johnson was convicted in the Court of Common Pleas of Philadelphia County on October 5, 2004, and submitted a copy of the conviction into evidence. The agent provided no testimony or evidence regarding when the Board received official verification of Johnson's conviction. Thereafter, the Board recommitted Johnson as a convicted parole violator.

Johnson filed a request for administrative relief, contending that his revocation hearing was not held within the required 120 days[2] and that the Board failed to award him credit for the time he served solely on the Board's detainer, which included the time period after he had posted bail until he pled guilty to the drug charges. The Board denied Johnson's administrative appeal, noting that the revocation hearing was held within 120 days of *November 8, 2004,*[3] the date the Board received official verification of Johnson's conviction. The Board also noted that it had no record of Johnson's posting bail and that Johnson had 30 days in which to submit evidence that bail had been posted. The present appeal followed.

On appeal, Johnson argues that there is not sufficient evidence to support the Board's finding that his hearing was timely.[4] He notes that: (1) no evidence was offered regarding when official verification was received; (2) the date of November 8, 2004, was never mentioned at the hearing; and (3) Form 257C, the Criminal Arrest and Disposition Report, which is contained in the Board's record and states that official verification was received on November 8th, cannot constitute evidence of record to support an official verification date of November 8th.[5] In making the last argu-

---

2. Johnson's contention regarding the timeliness of his hearing in his request for administrative relief differs from that asserted on appeal. In his request for administrative relief, Johnson argued, in part, that the delay in receiving official verification of his conviction was due to the "Board's Liasons' failure to retrieve same and said failure is unjustifiable." *See* C.R. at 71.

3. Preliminarily, we take note that at the hearing, the hearing examiner commented that the first scheduled hearing was continued because the Board did not have official verification as of *January 21, 2005.*

4. If Johnson's agent had official verification of his conviction on October 5, 2004, then Johnson is correct, the hearing on February 11, 2005, was untimely.

5. Johnson has also filed a "Motion to Strike (or Exclude as Evidence)" Form 257C because it was not offered and admitted into evidence and was not the subject of any testimony. In its answer, the Board averred that the document was part of the proceedings and, therefore, part of the record under Pa. R.A.P.1951. By order of August 30, 2005, this court directed the Board to address Johnson's motion in its appellate brief. The Board did not comply with that order. Subsequently, on December 16, 2005, the Board filed an application seeking leave to file an amended brief addressing Johnson's motion. We granted the application, directing that said amended brief shall be filed by December 27, 2005. As of January 5, 2006, the Board has failed to file an amended brief. Nonetheless, due to our resolution of the issue raised on

ment, Johnson relies on *Sanchez v. Pennsylvania Board of Probation and Parole*, 151 Pa.Cmwlth. 335, 616 A.2d 1097 (1992), and *Grubbs v. Pennsylvania Board of Probation and Parole*, 85 Pa.Cmwlth. 464, 481 A.2d 1390 (1984). Accordingly, Johnson argues the Board has failed to meet its burden of proving that his hearing was timely.[6]

■ Pursuant to 37 Pa.Code § 71.4(1), a revocation hearing "shall be held within 120 days from the date the Board received *official verification* of the plea of guilty or *nolo contendere* or of the guilty verdict at the highest trial court level...." (Emphasis added). The Board's regulations define "official verification" as "[a]ctual receipt by a parolee's supervising parole agent of a direct written communication from a court in which a parolee was convicted of a new criminal charge attesting that the parolee was so convicted." 37 Pa.Code § 61.1.[7] When the timeliness of a hearing is challenged, the Board bears the burden of proving by a preponderance of the evidence that the hearing was timely. *Abbruzzese v. Pennsylvania Board of Probation and Parole*,

105 Pa.Cmwlth. 415, 524 A.2d 1049 (1987). If the Board fails to present substantial evidence demonstrating the timeliness of the revocation hearing, thereby failing to meet its burden of proof, the parole violation charges are dismissed with prejudice.

■ According to the Board, Johnson's revocation hearing was timely because Johnson's parole agent received official verification of the guilty plea on November 8, 2004. Therefore, the hearing on February 11, 2005, occurred within 120 days of November 8, 2004.[8] The only evidence cited by the Board to prove that Johnson's parole agent received official verification on November 8, 2004, is Form 257C, the Criminal Arrest and Disposition Report, contained in the certified record at 38. Form 257C states that the Board received official verification on November 8, 2004; Agent Poulos' signature on the form is dated December 17, 2004.

We agree with Johnson that Form 257C cannot be considered because it was never entered into the record at the hearing. While the Board may, in certain circumstances, take official notice of documents contained in its own files, *see generally,*

---

appeal, Johnson's motion is dismissed as moot.

6. Johnson has also raised an issue regarding the Board's failure to award him credit for time incarcerated solely on the Board's detainer. Following the Board's denial of his request for administrative relief, Johnson apparently submitted evidence documenting that he had posted bail. In its appellate brief, the Board agrees that Johnson is entitled to credit for the period of August 14, 2003 through October 5, 2004, and that he is entitled to a recalculation of his maximum term expiry.

7. During the revocation hearing, the hearing examiner appeared to use the terms "verification" and "certification" interchangeably. For purposes of determining the timeliness of a hearing, the 120–day period starts to run

when official verification of the guilty plea is received, not certification of the conviction.

8. The Board also devotes a large portion of its appellate argument to the issue whether "official verification" should be interpreted to allow for "constructive official verification," which occurs on the date a parolee pleads guilty or the date a parole agent could have obtained official verification of the guilty plea. In contending that such a construction is not proper, the Board also urges this court to "disavow" certain language in *Fitzhugh v. Pennsylvania Board of Probation and Parole*, 154 Pa.Cmwlth. 123, 623 A.2d 376 (1993). Johnson is not pursuing such an argument in his appeal and, therefore, there is no need for the court to address the issue. Rather, the case before the court raises the simple issue whether the Board proved that it provided Johnson with a timely hearing.

*Taylor v. Pennsylvania Board of Probation and Parole,* 130 Pa.Cmwlth. 627, 569 A.2d 368 (1989), this court has held that the Board may not take official notice of documents in its file when such documents were not offered into evidence and pertained to a necessary factual determination. *See Sanchez; Grubbs. Compare Taylor, Falasco v. Pennsylvania Board of Probation and Parole,* 104 Pa.Cmwlth. 321, 521 A.2d 991 (1987). Without Form 257C, the record is devoid of any evidence pertaining to when official verification was received.[9] Therefore, while in all probability Johnson had a timely hearing, the Board has completely failed to establish that fact. Consequently, we are required to reverse the Board's denial of administrative relief and dismiss Johnson's parole violation charges with prejudice.[10]

Based upon the foregoing, the order of the Board is reversed.

### ORDER

AND NOW, this 9th day of January, 2006, the order of Pennsylvania Board of Probation and Parole in the above-captioned matter is hereby REVERSED. The matter is REMANDED for the Board to recalculate Johnson's maximum date expiry.

Ricky Johnson's Motion to Strike Form 257C is DISMISSED as MOOT.

Jurisdiction relinquished.

---

9. Indeed, the need for such documents to be made a part of the record and subject to challenge is illustrated here, where a revocation hearing was scheduled for January 21, 2005, implying that verification had been received, that hearing is subsequently continued on the grounds that verification was not received, at the rescheduled hearing, the hearing examiner states that official verification was not received by January 21 and he *assumes* that it has since been received, and then the Board avers in its denial of administrative relief that verification was received during the preceding November.

10. We note that we need not address Johnson's second argument regarding credit for time spent in custody solely on the Board's detainer. The Board has conceded that credit is due since Johnson posted bail. We also note that the Board's calculation of credit due appears correct. However, if Johnson is not presently serving his new sentence, then his new maximum expiry date must also take into account the time served since parole was revoked. Finally, while we discern no error in the Board's recalculation of Johnson's maximum expiry date of October 11, 2011, we note that Johnson contends that he is entitled to credit for the period of confinement from October 17, 2002, to December 17, 2002. Not only has this contention been waived for failure to raise it below, but the certified record indicates that Johnson received credit for this time period. *See* C.R. at 67.