George EATON, Petitioner

v.

PENNSYLVANIA BOARD
OF PROBATION AND
PAROLE, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 30, 2008.

Decided Aug. 11, 2008.

Publication Ordered Oct. 30, 2008.

Jennifer B. Dale, Huntingdon, for petitioner.

John C. Manning, Asst. Counsel and Victoria S. Madden, Chief Counsel, Harrisburg, for respondent.

BEFORE: SMITH–RIBNER, Judge, and LEAVITT, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

George Eaton (Petitioner), an inmate currently imprisoned at the State Correctional Institution at Huntingdon, petitions for review of the order of the Pennsylvania Board of Probation and Parole (Board) denying administrative relief from a decision to recommit Petitioner as a technical and convicted parole violator to serve six months of backtime in a state correctional institution (SCI). He questions whether the Board conducted a timely parole revocation hearing when it was held more than 120 days after the date of his conviction and the Board did not provide credible evidence of the date of its official verification of the conviction.

On February 13, 2003, the Philadelphia County Common Pleas Court sentenced Petitioner to a term of six months to one year and eleven months with a consecutive term of one-year probation for retail theft, effective August 13, 2002. On May 27, 2004, a concurrent sentence of one year and six months to three years followed by a consecutive term of two years of proba-

tion was imposed after Petitioner pleaded guilty to theft from a motor vehicle. His parole violation maximum date was calculated as May 25, 2007. On December 7, 2005, Petitioner was released on parole and later declared delinquent effective February 27, 2006.

The Board issued a warrant to commit and detain Petitioner after his arrest on May 6, 2006 for new criminal charges. In its decision mailed July 18, 2006, the Board recommitted Petitioner as a technical parole violator to serve six months backtime when available for violating parole condition No. 3A (failure to report as instructed). The Board set Petitioner's new maximum date as August 1, 2007. On January 23, 2007, he was convicted of theft from a motor vehicle and received a one-to-three year prison sentence. The Board held a panel revocation hearing August 27, 2007, at which time it overruled Petitioner's objections to timeliness of the hearing and the parole agent's testimony as hearsay.

■ In its decision mailed September 14, 2007, the Board recommitted Petitioner as a convicted parole violator to serve six months backtime concurrently with his term of six months backtime imposed for a technical parole violation for a total of six months backtime. Petitioner's maximum date changed to November 22, 2007. In his request for administrative relief he alleged that the Board failed to properly credit him for time served solely due to the Board's warrant, that the Board erred in its recalculation of the maximum date and that it failed to provide a timely revocation hearing. In its decision mailed December 14, 2007, the Board granted administrative relief on the first two issues and recalculated the maximum date to October 23, 2007. On the third issue, the Board noted that Petitioner's new conviction occurred January 23, 2007, that he returned to an SCI on January 26, 2007, that the Board received official verification of Petitioner's conviction on June 22, 2007 and that it timely held a revocation hearing on August 27, 2007, or 67 days after receipt of official verification of the conviction, as required by 37 Pa.Code § 71.4.[1] The Board denied administrative relief on this basis.[2]

Petitioner submits that his parole revocation hearing was untimely because it was not held until 216 days after his conviction of theft from a motor vehicle. Citing Mc-

---

1. The Board's regulation at 37 Pa.Code § 71.4 provides:

 The following procedures shall be followed before a parolee is recommitted as a convicted violator:

 (1) A revocation hearing shall be held within 120 days from the date the Board received official verification of the plea of guilty or nolo contendere or of the guilty verdict at the highest trial court level except as follows:

 (i) If a parolee is confined outside the jurisdiction of the Department of Corrections, such as confinement out-of-State, confinement in a Federal correctional institution or confinement in a county correctional institution where the parolee has not waived the right to a revocation hearing by a panel in accordance with Commonwealth ex rel. Rambeau v. Rundle, 455 Pa. 8, 314

 A.2d 842 (1973), the revocation hearing shall be held within 120 days of the official verification of the return of the parolee to a State correctional facility.

 (ii) A parolee who is confined in a county correctional institution and who has waived the right to a revocation hearing by a panel in accordance with the Rambeau decision shall be deemed to be within the jurisdiction of the Department of Corrections as of the date of the waiver.

2. The Court's review of the Board's order is limited to reviewing whether constitutional rights were violated, an error of law was committed and the findings of fact are supported by substantial evidence. Jackson v. Pennsylvania Board of Probation and Parole, 885 A.2d 598 (Pa.Cmwlth.2005).

*Donald v. Pennsylvania Board of Probation and Parole*, 673 A.2d 27 (Pa.Cmwlth. 1996), he requests the Court to dismiss with prejudice the Board's action of recommitting him as a technical and convicted parole violator. Petitioner analogizes this case to the facts in *Johnson v. Pennsylvania Board of Probation and Parole*, 890 A.2d 45 (Pa.Cmwlth.2006), where the petitioner argued that his parole revocation hearing was untimely and that the Board did not provide credible evidence of the date of its official verification of his conviction. Petitioner contends that the Board here presented only Parole Agent George Sarra's testimony indicating that to the best of his knowledge the official verification date was June 22, 2007, that the documents he placed into evidence did not establish when the Board received official verification of Petitioner's conviction and that the criminal arrest and disposition report was not made a part of the record.

In *Johnson* the Board relied upon a criminal arrest and disposition report (Form 257–C) as evidence that the parole revocation hearing was timely. The Court indicated that the parole agent presented no testimony or evidence with regard to when the Board received official verification of the conviction. The Court held that the criminal arrest and disposition report could not be considered because it had not been entered into the record. It cautioned that "[w]hile the Board may, in certain circumstances, take official notice of documents contained in its own files ... the Board may not take official notice of documents in its file when such documents were not offered into evidence and pertained to a necessary factual determination." *Id.* at 49–50. As a consequence,

the Court dismissed with prejudice the petitioner's parole violation charges.

In *Koehler v. Pennsylvania Board of Probation and Parole*, 935 A.2d 44, 50 (Pa.Cmwlth.2007), the Court ruled that "[w]here a parolee asserts that the Board held a revocation hearing beyond the 120–day period, the Board bears the burden of proving, by a preponderance of the evidence, that the hearing was timely." The Court has warned that "[i]f the Board fails to sustain this burden, the appropriate remedy is a dismissal of the parole violation charges with prejudice." *Joyce v. Pennsylvania Board of Probation and Parole*, 811 A.2d 73, 76 (Pa.Cmwlth.2002). In *Reavis v. Pennsylvania Board of Probation and Parole*, 909 A.2d 28, 36 (Pa. Cmwlth.2006), the Court repeated that "[p]ursuant to the Board's regulations, a revocation hearing shall be held within 120 days from the date the Board received official verification of a guilty plea or conviction." The Board's regulation at 37 Pa. Code § 61.1 defines official verification as "[a]ctual receipt by a parolee's supervising parole agent of a direct written communication from a court in which a parolee was convicted of a new criminal charge attesting that the parolee was so convicted."

 The Board argues that the record reflects that it met its burden of proving that the revocation hearing was timely. Parole Agent Sarra testified that the Board received official verification of Petitioner's conviction on June 22, 2007.[3] In addition to the parole agent's testimony, the criminal arrest and disposition report indicates that official verification of Petitioner's conviction was received by the Board on that date. In contrast to *Johnson*, the Board could take official notice of

---

**3.** At the hearing, a Board Member asked Parole Agent Sarra: "[w]hen did the agency receive any verification [of Petitioner's conviction]?" N.T., p. 6, August 27, 2007 Panel Revocation Hearing; Certified Record at 30. Parole Agent Sarra responded: "June 22, 2007, sir." *Id.*

the criminal arrest and disposition report because the Board made the report a part of the record when a Board member specifically stated at the hearing: "Mr. Eaton, we're going to consider everything that was presented as testimony today, as well as all the documents that we have before us, including but not limited to State's Exhibit 1, the attorney's Notice of Charges, the agent's 257 series." N.T., p. 13, August 27, 2007 Revocation Hearing; Certified Record at 37.

There is substantial evidence of record to support the Board's position that it received official verification of Petitioner's conviction on June 22, 2007. As the Board pointed out, the facts of this case are distinguishable from those in *Johnson* because Parole Agent Sarra testified that the Board received official verification on June 22, 2007 and offered into evidence the criminal arrest and disposition report (Form 257–C), notice of charges and hearings (Form 257–N) and the trial court's order confirming Petitioner's conviction and sentence. The Board explicitly stated at the hearing that it would consider this evidence in making its determination. The record therefore establishes that the Board met its burden of proving that the August 27, 2007 revocation hearing was timely, *i.e.*, it was held within 120 days of the date on which the Board received official verification of Petitioner's conviction. Accordingly, the Court affirms the Board's order.

## *ORDER*

AND NOW, this 11th day of August, 2008, the Court affirms the order of the Pennsylvania Board of Probation and Parole.