# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Simon Johnson,                              :
         Petitioner                  :
                                     :
         v.                          :  No. 1861 C.D. 2015
                                     :  Submitted: January 22, 2016
Pennsylvania Board of Probation            :
and Parole,                                :
         Respondent                  :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY SENIOR JUDGE COLINS**               **FILED:  March 10, 2016**

Before this Court is the petition of Simon Johnson for review of the September 1, 2015 determination of the Pennsylvania Board of Probation and Parole (Board) that concluded that Mr. Johnson's revocation hearing was timely because it was held within 120 days of the verification dates of each of his convictions.  We affirm.

On November 4, 2014, Mr. Johnson pled guilty to new criminal charges in the Court of Common Pleas of Philadelphia County.  (Record Item (R. Item) 6, Criminal Docket Sheets.)  Mr. Johnson's negotiated guilty plea was finalized on March 20, 2015 when he was sentenced in the Court of Common Pleas of Philadelphia County to a minimum of three years and a maximum of six years.  (*Id.*)  At Mr. Johnson's June 10, 2015 revocation hearing, Board Agent Angellucci testified and submitted proof dated March 20, 2015 of Mr. Johnson's conviction and sentencing on charges in Philadelphia County.  (R. Item 7, Revocation Hearing

Transcript (H.T.) at 7, 14.) Mr. Johnson did not object. (*Id*. at 7.) Mr. Johnson's Philadelphia County Negotiated Plea Order was marked and entered into the record as State's Exhibit 1. (*Id*. at 7, 14.) Board Agent Angellucci testified that Mr. Johnson's conviction was verified on May 22, 2015. (*Id*. at 12.) Board Agent Angellucci also sought to enter into the record an email message sent to him by his supervisor referencing the verification date for Mr. Johnson's Philadelphia County conviction. (*Id*.) Mr. Johnson objected to the lack of signature on the email and the email with the verification date was not made a part of the record. (*Id*.) Mr. Johnson did not object to the inclusion in the record of Form 257-N, the Notice of Charges, which lists May 22, 2015 as the verification date of his conviction. (*Id*. at 17; *see also* R. Item 5, Form 257-N Notice.)

Before this Court, Mr. Johnson argues that he pled guilty to the Philadelphia charges on November 4, 2015 while he was in the Board's custody, however, the Board did not hold his revocation hearing until June 10, 2015, well beyond the 120 days within which the Board is required to act.[1]

Our scope of review is limited to determining whether constitutional rights have been violated, whether an error of law has been committed or whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704; *Lawson v. Pennsylvania Board of Probation and Parole*, 977 A.2d 85, 86 n.2 (Pa. Cmwlth. 2009). Due process requires that the Board afford a convicted parole violator a final parole revocation hearing within a reasonable time. *Morrissey v. Brewer*, 408 U.S. 471,

---

[1] Mr. Johnson was also convicted of new charges in the Montgomery County Court of Common Pleas. Mr. Johnson does not challenge the timeliness of his revocation hearing based on the Montgomery County charges and admits that the Board received official verification of those charges on March 4, 2015. (Petitioner's Brief at 8; R. Item 7, H.T. at 11.)

2

488 (1972); *U.S. ex rel Burgess v. Lindsey*, 395 F. Supp. 404 (E.D. Pa. 1975) (J. Higgenbotham).  Pursuant to 37 Pa. Code § 71.4(1), the Board is required to hold a revocation hearing "within 120 days from the date the Board received official verification of the plea of guilty or nolo contendere or of the guilty verdict at the highest trial court level," except in specifically enumerated circumstances.  *Id.*  An "official verification" is defined by the Board's regulations as "[a]ctual receipt by a parolee's supervising parole agent of a direct written communication from a court in which a parolee was convicted of a new criminal charge attesting that the parolee was so convicted."  37 Pa. Code § 61.1.  In a challenge to the timeliness of a revocation hearing, the Board bears the burden of proving by a preponderance of the evidence that the hearing was held in a timely fashion.  *Vanderpool v. Pennsylvania Board of Probation and Parole*, 874 A.2d 1280, 1283 (Pa. Cmwlth. 2005).

The record does not support Mr. Johnson's argument.  The 120-day rule does not measure the timeliness of a parolee's revocation hearing based on the date of a parolee's plea; instead, the 120 days begins to run when the Board has received official verification of a parolee's conviction.  *Taylor v. Pennsylvania Board of Probation and Parole*, 931 A.2d 114, 120 (Pa. Cmwlth. 2007).  In *Lee v. Pennsylvania Board of Probation and Parole*, 596 A.2d 264 (Pa. Cmwlth. 1991), this Court explained why it is necessary for the 120 days to begin to run once the Board has received official verification:

> It is reasonable for the 120-day period mandated by 37 Pa. Code § 71.4(1) to begin to run on the date that the Board receives official verification of a parolee's conviction, because, to hold otherwise, would impose on the Board the Herculean task of searching the dockets of every court of record in the United States on a daily basis to discover when a parolee was convicted.  Moreover, considering the

3

logistical problems the Board would face in discovering when a parolee was convicted, it is also reasonable for a parole agent to wait for official verification even if the agent is aware that charges are, or may be, pending.

*Id*. at 265 (internal citations omitted). Board Agent Angellucci testified that verification of Mr. Johnson's conviction was received on May 22, 2015. Although the email offered by Board Agent Angellucci was objected to, the verification date of Mr. Johnson's Philadelphia convictions is listed on the Notice of Charges, which is signed by Mr. Johnson and was admitted without objection. The Board has met its burden to demonstrate by a preponderance of evidence that Mr. Johnson's revocation hearing was timely. *Easton v. Pennsylvania Board of Probation and Parole*, 959 A.2d 477, 479 (Pa. Cmwlth. 2008).

Mr. Johnson's revocation hearing was held on June 10, 2015, well within 120 days of May 22, 2015. Mr. Johnson's argument that the revocation hearing was required to be held within 120 days of November 4, 2014, the day he pled guilty, is unsupported by both law and fact.

Accordingly, the order of the Board is affirmed.

_____
**JAMES GARDNER COLINS, Senior Judge**

4

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Simon Johnson,                          :
      Petitioner              :
                                   :
      v.                      : No. 1861 C.D. 2015
                                   :
Pennsylvania Board of Probation          :
and Parole,                              :
      Respondent              :

## ORDER

AND NOW, this 10th day of March, 2016, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is AFFIRMED.

_____
**JAMES GARDNER COLINS, Senior Judge**