# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Hart,                                    :
                        Petitioner             :
                                              :
            v.                                :      No. 1769 C.D. 2016
                                              :      Submitted:  February 17, 2017
Pennsylvania Board of Probation and          :
Parole,                                       :
                        Respondent            :


BEFORE:      HONORABLE RENÉE COHN JUBELIRER, Judge
             HONORABLE JULIA K. HEARTHWAY, Judge
             HONORABLE DAN PELLEGRINI, Senior Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**                      **FILED:  June 2, 2017**


John Hart (Petitioner) petitions for review of the Order of the Pennsylvania Board of Probation and Parole (Board), which denied his request for administrative relief, thereby affirming his recommitment as a convicted parole violator (CPV) to serve three months' backtime.  Petitioner raises multiple issues, including whether his revocation hearing was timely held.  After review of the record, we conclude the Board did not meet its burden of proving, by a preponderance of the evidence, that the hearing was held within 120 days of receiving official verification of the conviction, as required.  Therefore, we are constrained to reverse the Order of the Board and dismiss the parole violation charges.

On November 16, 2011, Petitioner, while on parole, was arrested in Philadelphia County on multiple charges. (Certified Record (C.R.) at 15, 24.)[1] The Board lodged a detainer on November 17, 2011. (Id. at 13.) On January 3, 2012, Petitioner's monetary bail was reduced to released on his own recognizance (ROR). (Id. at 35.) Because of the Board detainer, he was released from the Philadelphia Prison System and transferred back to the custody of the Department of Corrections (DOC) on January 9, 2012. (Id. at 205.) He remained in the custody of the DOC until he reached his maximum parole date (January 10, 2013), when his bail was reinstated to the original monetary amount, and he was transferred back to the Philadelphia Prison System, where he remained pending disposition on the new charges. (Id. at 1, 205.) On November 12, 2015, a jury convicted Petitioner of harassment and stalking but acquitted him of identity theft, disruption of service, possession of an instrument of crime, and unlawful use of a computer.[2] (Id. at 36.) On February 25, 2016, the Board lodged a detainer. (Id. at 145.) A revocation hearing was originally scheduled for March 15, 2016. (Id. at 138.) However, at the request of Petitioner, the hearing was continued to April 5, 2016. (Id. at 143.)

At the April 5, 2016 revocation hearing, a parole agent introduced a certified copy of Petitioner's conviction, which was admitted into the record as State's

---

[1] The Board originally filed a certified record on December 6, 2016, which was missing approximately 200 pages. It filed a supplemental certified record on May 2, 2017, which was complete. All citations to the Certified Record (C.R.) refer to supplemental record that was recently filed.

[2] On May 26, 2016, Petitioner was sentenced to two-and-one-half to five years on the new charges. (C.R. at 36, 60.)

Exhibit 1 (Exhibit S-1).[3] (Hr'g Tr. at 6.) Petitioner argued Exhibit S-1 does not contain a timestamp that establishes when the document was received by the Board. (Id. at 20.) Therefore, according to Petitioner, the only date upon which the Board could find his conviction was officially verified to the Board was the print date of November 12, 2015, which was also the date of his conviction. (Id. at 20-21.) As such, Petitioner argued, the revocation hearing was untimely. When asked by the hearing examiner when the parole agent verified the conviction, the parole agent responded, "In February, I believe." (Id. at 19.) Aside from copies of cases Petitioner introduced in support of his argument, no further testimony or evidence was offered on this matter.

The Board subsequently issued its decision, recommitting Petitioner as a CPV to serve three months' backtime when available pending resolution of

_____

[3] Because the exhibits do not follow the hearing transcript in the Certified Record, it is not clear what document constitutes Exhibit S-1. However, based upon the testimony at the hearing, it appears to be referring to the "Trial Disposition and Dismissal Form" located in the Certified Record at page 89. This document appears to have an exhibit label on it, although in the process of being reproduced, it was blacked out and is indecipherable. However, it bears the print date "11/12/2015" that Petitioner cited when referring to the exhibit, (Hr'g Tr. at 20), as well as the "First Judicial District" stamp that the parole agent testified to. (Id. at 21.)

Aside from the problems identifying Exhibit S-1, our review has been further complicated by the testimony regarding several other forms, which were not admitted into evidence at the hearing. For instance, Form PBPP-257H, "Supervision History," (C.R. at 129-30, 141-42), was discussed at length and even objected to by Petitioner. (Hr'g Tr. at 12-15.) The hearing examiner ultimately overruled the objection at the hearing, (id. at 23), and indicated same in the Hearing Report. (C.R. at 146.) However, Form PBPP-257H was not listed as being admitted. (See Hr'g Tr. at 4 (listing exhibits); Hearing Report, C.R. at 147 (listing Exhibit S-1 as the only exhibit introduced by the State).) In addition, there was testimony that appears to relate to Form PBPP-257N, "Notice of Charges and Hearing," (C.R. at 138), which the hearing examiner asked parole agent to make corrections to and initial. (Hr'g Tr. at 6, 25.) This form was also not admitted as an exhibit. (See Hr'g Tr. at 4 (listing exhibits); Hearing Report, C.R. at 147 (listing Exhibit S-1 as the only exhibit introduced by the State).) As discussed herein, to the extent the Board relied on any exhibits other than Exhibit S-1, the only State exhibit admitted into evidence, the Board erred.

outstanding criminal charges.[4] (C.R. at 199.) On June 14, 2016, Petitioner filed a timely request for administrative relief. (Id. at 207.) After the outstanding criminal charges were *nolle prossed*, the Board rendered a decision noting no action was taken as to that arrest and referring Petitioner back to the May 4, 2016 decision to recommit him as a CPV based upon his conviction. (Id. at 203.) Petitioner filed a timely administrative appeal from this decision, as well. (Id. at 283.) On October 3, 2016, the Board affirmed its revocation decision, its decision to not grant Petitioner time spent at liberty on parole, and the length of the recommitment period. (Id. at 304.) This appeal follows.[5]

On appeal,[6] Petitioner asserts several issues he has raised throughout the administrative process, namely: (1) whether the revocation hearing was timely; (2) whether he was wrongfully denied the opportunity to present evidence of mitigating factors; (3) whether the Board erred in allocating time served between January 3, 2012 and January 11, 2013, and February 25, 2016 and May 26, 2016, towards his original sentence instead of his new sentence; (4) whether the recommitment period exceeded the presumptive guideline range; and (5) whether the Board should have granted Petitioner credit for time spent at liberty on parole.[7]

---

[4] At the time of the decision, Petitioner was still being detained on another set of charges, which were ultimately *nolle prossed*. (C.R. at 281.)

[5] Our scope of review is limited to determining whether or not the Board's decision is supported by substantial evidence, is in accordance with the law, and is observant of Petitioner's constitutional rights. Abbruzzese v. Pa. Bd. of Prob. and Parole, 524 A.2d 1049, 1050 (Pa. Cmwlth. 1987). "Substantial evidence is defined as evidence that a reasonable mind would find sufficient to support a conclusion." Smalls v. Pa. Bd. of Prob. and Parole, 823 A.2d 274, 275 (Pa. Cmwlth. 2003).

[6] On March 6, 2017, Petitioner filed a Motion to Amend/Correct Page Two of Petitioner's February 7, 2017 Sur-Reply, to which there was no response. We grant the motion.

[7] The Board held its decision on whether Petitioner is entitled to credit for time spent at a community corrections center in abeyance pending a hearing. (C.R. at 304.)

**Timeliness of Revocation Hearing**

Under the regulations, "[a] revocation hearing shall be held within 120 days from the date the Board received *official verification* of the plea of guilty or nolo contendere or of the guilty verdict at the highest trial court level . . . ." 37 Pa. Code § 71.4(1) (emphasis added). "Official verification" is defined as "[a]ctual receipt by a parolee's supervising parole agent of a direct written communication from a court in which a parolee was convicted of a new criminal charge attesting that the parolee was so convicted." 37 Pa. Code § 61.1.

The Board bears the burden of proving, by a preponderance of the evidence, that a hearing was timely. Johnson v. Pa. Bd. of Prob. and Parole, 890 A.2d 45, 49 (Pa. Cmwlth. 2006). Preponderance of the evidence is "such proof as leads the fact-finder . . . to find that the existence of a contested fact is more probable than its nonexistence." Smalls v. Pa. Bd. of Prob. and Parole, 823 A.2d 274, 275 (Pa. Cmwlth. 2003) (quoting Sigafoos v. Pa. Bd. of Prob. and Parole, 503 A.2d 1076, 1079 (Pa. Cmwlth. 1986)).

In its October 3, 2016 decision, the Board contends Petitioner's revocation hearing was timely because official verification of the conviction was received on February 19, 2016, and the Board scheduled the revocation hearing for March 15, 2016,[8] which was only 25 days after the official verification date. (C.R. at 303.) The Board's finding that official verification occurred on February 19, 2016, however, is not supported by the evidence *presented at the revocation hearing*.

_____

[8] We note that March 15, 2016, is the correct date to use as the hearing date, although the actual hearing was not held until April 5, 2016. Under the regulations, any continuances granted at the request of a parolee are excluded from the time period. 37 Pa. Code § 71.5(c)(2). Petitioner requested that the March 15, 2016 hearing be continued so that he could obtain private counsel. (C.R. at 143.) Therefore, the delay is not attributable to the Board.

5

The parole agent presented Exhibit S-1 as official verification, which was admitted into evidence. While we agree that Exhibit S-1 is sufficient to serve as official verification, it does not establish *the date the Board received* official verification of conviction. As Petitioner pointed out at the hearing, the only date on Exhibit S-1 was the print date of November 12, 2015, which was also the date of Petitioner's conviction. (C.R. at 89; Hr'g Tr. at 20.)

When confronted by Petitioner about the lack of a received date, the hearing examiner asked the parole agent when Exhibit S-1 was received, to which the parole agent replied, "[i]n February, *I believe*." (Hr'g Tr. at 19 (emphasis added).) This testimony does not support the Board's ultimate finding that official verification was received on February 19, 2016. At best, the parole agent's testimony supports a conclusion that official verification *may have been* received *sometime in February*. While if it is correct that official verification was received anytime in February, even February 1, 2016, the revocation hearing would be timely, the parole agent's *belief* that official verification *may have been* received in February does not satisfy the Board's burden of proving same *by a preponderance of the evidence*.

We see no mention of February 19, 2016, as the date of receipt of official verification of Petitioner's conviction in our review of the testimony and exhibits admitted into evidence at the hearing. After scouring the Certified Record, the only mention we see of February 19, 2016, is contained in Form PBPP-257C. (C.R. at 16.) Importantly, Form PBPP-257C was not admitted into evidence at the hearing.[9] Therefore, the Board could not rely on it to support its finding that

---

[9] On December 19, 2016 and on May 5, 2017, following the filing of the Supplemental Certified Record, Petitioner filed Motions to Strike Documents from the Certified Record and **(Footnote continued on next page…)**

official verification of conviction was received on February 19, 2016. See Johnson, 890 A.2d at 49-50 (reversing a Board decision and dismissing petitioner's parole violation charges with prejudice when the Board relied on Form PBPP-257C, which was not entered into the record at the hearing). "While the Board may, in certain circumstances, take official notice of documents contained in its own files, this court has held that *the Board may not take official notice of documents in its file when such documents were not offered into evidence and pertained to a necessary factual determination.*" Id. (citations omitted) (emphasis added). Here, the date official verification was received is a necessary factual determination. Therefore, to the extent the Board relied upon Form PBPP-257C, which was not admitted into evidence, to find that official verification was received on February 19, 2016, the Board erred.

Without Form PBPP-257C, the record is devoid of substantial evidence pertaining to when official verification was, in fact, received. "Where, as here, the Board has failed to present substantial evidence as to the timeliness of the petitioner's revocation hearing, thereby failing to meet its burden of proof by a preponderance of the evidence . . . , the appropriate remedy is a dismissal of the

_____

(continued…)
Exclude as Evidence Form PBPP-257C and PBPP-Form 257H, arguing various parts of the Certified Record should be stricken because they were not admitted into evidence at the revocation hearing. Given our resolution of the timeliness issue, we dismiss Petitioner's motions as moot. On May 5, 2017, Petitioner also filed a Petition to Correct Supplemental Record, seeking to include in the record a copy of Defendant's Exhibit 1, a copy of Ramos v. Pennsylvania Board of Probation and Parole, 954 A.2d 107 (Pa. Cmwlth. 2008). Because the exhibit is an opinion for which we have a citation, we find it unnecessary to correct the record. However, we again express concern that an exhibit that was *introduced and admitted into evidence* at the revocation hearing failed to be included in the Board's Certified Record for our review.

7

parole violation charges with prejudice."[10]  <u>Abbruzzese v. Pa. Bd. of Prob. and Parole</u>, 524 A.2d 1049, 1052 (Pa. Cmwlth. 1987) (citation and footnote omitted).

Based upon the foregoing, the Order of the Board is reversed.


_____
**RENÉE COHN JUBELIRER,** Judge

---

[10] Because of our conclusion that the Board failed to present substantial evidence as to the timeliness of the revocation hearing, we need not address Petitioner's other issues raised on appeal.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Hart,                              :
                    Petitioner          :
                                        :
             v.                         :   No. 1769 C.D. 2016
                                        :
Pennsylvania Board of Probation and     :
Parole,                                 :
                    Respondent          :

# **O R D E R**

     **NOW**, June 2, 2017, the order of the Pennsylvania Board of Probation and Parole, in the above-captioned matter, is **REVERSED.**

     Petitioner's Motion to Amend/Correct Page Two of Petitioner's February 7, 2017 Sur-Reply is **GRANTED**. Petitioner's Motions to Strike Documents from the Certified Record and Exclude as Evidence Form PBPP-257C and PBPP-257H and Petition to Correct the Supplemental Record are **DISMISSED** as **MOOT**. Petitioner's "Motion to Expedite" and "Emergency Application for Summary Relief/Motion to Expedite, to which no responses have been filed, are hereby **DENIED AS MOOT** in light of the filing of this Court's Memorandum Opinion and Order disposing of Petitioner's appeal in this matter.

 

_____
     **RENÉE COHN JUBELIRER,** Judge