530 A.2d 1051

William James, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs April 8, 1987, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*John C. Armstrong,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, September 11, 1987:

William James (Petitioner) appeals from a decision of the Pennsylvania Board of Probation and Parole (Board) which denied him administrative relief from a Board order recommitting him to serve in consecutive order the remaining terms from two prior sentences. We affirm.

On September 7, 1973, Petitioner was convicted and sentenced to a one and one-half to seven year term for aggravated robbery. On March 7, 1975, he was released on parole. While on parole, Petitioner committed another robbery offense and received a two-to-five year sentence. Based on this conviction, the Board recommitted Petitioner on July 16, 1976 as a convicted parole violator. The Board ordered that Petitioner's recommitment time must be served before commencement of the new sentence.

On January 18, 1978, Petitioner was placed on constructive parole from his original one and one-half to seven year sentence and began serving his new sentence. Thereafter, on May 18, 1979, Petitioner was pa-

roled from his new sentence and released at liberty to an approved parole plan.

On November 23, 1983, Petitioner was arrested, and on March 23, 1984, he was convicted of robbery and conspiracy. A parole revocation hearing was held on July 26, 1984, and the Board subsequently ordered Petitioner recommitted for the remaining terms of each of his previous robbery convictions. The Board ordered that the terms be served consecutively. Following a denial of administrative relief, Petitioner appealed to this court.

Petitioner contends (1) that his parole revocation hearing was untimely; and (2) that the Board erred as a matter of law in ordering that he serve his remaining terms on the robbery convictions consecutively.

Our scope of review is limited to whether the Board's findings of fact are supported by substantial evidence, whether the Board has committed an error of law, or whether Petitioner's constitutional rights have been violated. *Seyler v. Pennsylvania Board of Probation and Parole*, 97 Pa. Commonwealth Ct. 302, 509 A.2d 438 (1986).

Petitioner bases his contention that his parole revocation hearing was untimely on 37 Pa. Code §71.4(2), which states: "the [revocation] hearing shall be held within 120 days from the date the Board received verification of the plea of guilty or *nolo contendere* of [sic] the guilty verdict at the highest trial court level. . . ." Petitioner argues that since his revocation hearing was not held until July 26, 1984, 125 days after the conviction upon which his parole revocation was based, it is untimely. We disagree.

In order to be timely, a parole revocation hearing must be held within 120 days of the date the Board receives *official verification* of a parolee's conviction. *Tarrant v. Pennsylvania Board of Probation and Parole,*

104 Pa. Commonwealth Ct. 369, 521 A.2d 997 (1987). The record in this matter indicates that the Board received official notification of Petitioner's conviction on June 18, 1984.[1] Since Petitioner's revocation hearing took place 38 days later, it was timely.

Petitioner also contends that the Board erred in ordering that he serve the remaining terms on both of his prior robbery convictions consecutively. He argues that since the original maximum release dates of the sentences on his prior robbery convictions were September 7, 1980 and May 18, 1982 respectively, a difference of one year, eight months and eleven days, then the Board may only impose that amount of time as recommitment on the second sentence, once he has finished serving the remainder of the first term. We disagree.

" '[T]he law [61 P.S. §331.21a] is quite clear that a parole violator convicted and sentenced to prison for another offense must serve his or her backtime and the new sentence in consecutive order.' " *Commonwealth v. Dorian,* 503 Pa. 116, 117, 468 A.2d 1091, 1092 (1983) (quoting *Commonwealth v. Zuber,* 466 Pa. 453, 457, 353 A.2d 441, 443 (1976)).

Petitioner was incarcerated following his second robbery conviction with the requirement that he serve a recommitment period on his original sentence *before* serving the sentence on his second conviction as required by law. Thereafter, Petitioner was constructively reparoled from his original sentence and began serving the new sentence. He was subsequently released at lib-

---

[1] We note that Petitioner's parole agent first learned of the conviction on May 29, 1984 through a routine check on Petitioner's status. Prior checks had not disclosed Petitioner's conviction due to delays attributable to the computer system for the Clerk of Courts. We also note that Petitioner made no effort to inform the Board of his conviction.

erty on parole from both sentences. When the Board, in the order under appeal, chose to recommit Petitioner as a convicted parole violator based on his recent convictions, Petitioner thereby lost credit for all time served at liberty on parole from both prior sentences. *See* Section 21.1(a) of the Parole Act;[2] *Andrews v. Pennsylvania Board of Probation and Parole,* 101 Pa. Commonwealth Ct. 468, 516 A.2d 838 (1986). The fact that he had been released on parole from both sentences does not alter the statutory mandate that the original and second sentences must be served upon recommitment in consecutive order. Thus, when the Board ordered Petitioner recommitted to serve the unexpired portions of both sentences as a convicted parole violator, it did not err in ordering that the terms be served consecutively.

Accordingly, the decision of the Board is affirmed.

ORDER

AND NOW, September 11, 1987, the order of the Pennsylvania Board of Probation and Parole in the above-captioned case is affirmed.

---

[2] Act of August 6, 1941, P.L. 861, added by the Act of August 24, 1951, P.L. 1401, *as amended,* 61 P.S. §331.21a(a).