569 A.2d 368

**Elmer TAYLOR, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 13, 1988.

Decided Feb. 1, 1989.

David Crowley, Asst. Public Defender for Centre County, for petitioner.

Timothy P. Wile, Asst. Chief Counsel, with him, Robert A. Greevy, Chief Counsel, for respondent.

Before CRUMLISH, Jr., President Judge, COLINS, and BLATT, Senior Judge.

COLINS, Judge.

Elmer Taylor (petitioner) appeals an order of the Pennsylvania Board of Probation and Parole (Board) which denied him administrative relief from a Board parole revocation order. We affirm.

Petitioner was initially convicted of second degree murder in the Allegheny County Court of Common Pleas and sentenced on November 20, 1975, to a period of 6 to 12 years. He was granted parole by the Board on July 8, 1979, and was released from confinement. Thereafter, on May 28, 1982, petitioner was convicted in the Allegheny County Court of Common Pleas for possession of a controlled substance with intent to deliver and sentenced to a term of 1½ to 5 years at State Correctional Institution Rockview (SCI–Rockview). The Board, on August 24, 1982, recorded an order recommitting petitioner as a technical parole viola-

tor (TPV) and a convicted parole violator (CPV) to serve a total of 24 months on backtime.

Petitioner was reparoled by the Board on the murder sentence on March 7, 1984, and was paroled on the drug sentence on June 11, 1985. On October 14, 1986, petitioner was arrested by the Pittsburgh Police following a burglary at the Greater Pittsburgh Coliseum. Petitioner was confined in the Allegheny County jail in lieu of $50,000.00 bail. On July 17, 1987, petitioner pled guilty to burglary, criminal conspiracy, former convict not to own a firearm, firearm not to be carried without a license, prohibitive offensive weapon, and possession of an instrument of a crime. Petitioner was sentenced that same day to a total term of 3½ to 7 years.

A parole revocation hearing was subsequently scheduled by the Board to be held at SCI–Rockview on October 21, 1987. However, on October 9, 1987, petitioner allegedly requested a continuance of that hearing from SCI–Rockview's institutional supervisor (IPS) Robert Ricketts so that petitioner could have more time to prepare for the hearing. According to a notation on the continuance request form (Board Form PBPP–29) made by IPS Ricketts, petitioner allegedly refused to sign the document. IPS Ricketts also noted the date and time on the form, as well as petitioner's comments concerning his reason for the continuance.

Petitioner orally informed IPS Ricketts on January 4, 1988, that he was prepared to proceed with the revocation hearing. Accordingly, on January 27, 1988, a panel revocation hearing was held at SCI–Rockview, before a panel of two Board members. At this hearing, petitioner objected to the timeliness of the revocation hearing. The Board overruled this objection, however, based upon the October 9, 1987, continuance request form. Petitioner, likewise, objected to this document and argued that it constituted hearsay; however, his objection was overruled. The Board subsequently recorded a revocation decision on January 27, 1988, recommitting petitioner as a CPV to serve 48 months on backtime and extended the maximum term expiration

date of petitioner's murder sentence to January 27, 1992. On January 28, 1988, the Board recorded an order granting petitioner's prospective parole on January 27, 1992, on his drug sentence, allocating all 48 months of CPV backtime to the murder sentence. Thereafter, an administrative appeal was filed by petitioner with the Board asserting that the revocation hearing was untimely. The Board denied this appeal on May 5, 1988.

Petitioner raises three arguments for our consideration in this appeal. First, petitioner argues that the Board erred when it admitted into evidence, over timely objection, Board Form PBPP–29 (the continuance request form) and considered a notation thereon which indicated that petitioner requested a continuance of his revocation hearing but refused to sign the document. Petitioner contends that this document constituted hearsay and should not have been admitted into evidence absent a specific finding on the record by the hearing examiner not to allow confrontation and cross-examination. In addition, petitioner argues that the Board erred when it determined that there was sufficient evidence to find that he requested a continuance of his full Board revocation hearing. Lastly, petitioner argues that the revocation hearing was untimely as it was held beyond the 120–day period mandated by law.

■ Our scope of review of a Board decision is limited to determining whether constitutional rights were violated, an error of law was committed, or findings of fact are supported by substantial evidence. *Carter v. Pennsylvania Board of Probation and Parole*, 117 Pa.Cmwlth. 635, 544 A.2d 107 (1988).

Petitioner initially argues that the continuance request form constituted hearsay which failed to meet the exception of *Jefferson v. Pennsylvania Board of Probation and Parole*, 95 Pa.Cmwlth. 560, 506 A.2d 495 (1986), which holds that hearsay testimony is admissible in a parole revocation proceeding upon specific finding of good cause made on the record by the examiner. Thus, it is asserted that the Board erred when it failed to make any determination that there

was good cause for not allowing confrontation with the person who prepared this document.

Additionally, petitioner asserts that the continuance request form failed to meet the new regulatory exception to documentary evidence as found at 37 Pa.Code § 71.5(b) which allows utilization of documentary evidence at parole hearings if the panel or examiner is satisfied as to its authenticity, relevancy, accuracy, and reliability. Because the Board did not undertake any inquiry into whether the document was authentic, relevant, accurate, or reliable, petitioner argues that the Board impermissibly relied on the document to find that the revocation hearing was timely.

■ We conclude that the Board properly admitted the continuance request form into evidence, but reached this decision neither on the basis of the *Jefferson* exception nor the regulatory exception of 37 Pa.Code § 71.5(b). Instead, we hold that the document was properly admitted under the doctrine of official notice. In *Falasco v. Pennsylvania Board of Probation and Parole*, 104 Pa.Cmwlth. 321, 521 A.2d 991 (1987), this Court held that the Board, as an administrative agency, may take official notice of information contained in its own files. The *Falasco* Court noted that official notice is the administrative counterpart of judicial notice and allows an agency to take official notice of facts contained in reports and records in the agency's files, in addition to those facts which are obvious and notorious to the average person. *See also Bandy v. Pennsylvania Board of Probation and Parole*, 108 Pa.Cmwlth. 387, 530 A.2d 507 (1987).

The instant matter, like *Falasco*, involves an official form which was prepared by a board employee and contained in petitioner's case file. Accordingly, we conclude that the Board properly took official notice of this document.

■ Petitioner also argues that there was insufficient evidence for the Board to find that he requested a continuance of his revocation hearing. His position is that since his signature does not appear on the document, the record is

devoid of any evidence to support the Board's finding that he, in fact, requested a continuance. However, having concluded that the Board properly took official notice of the continuance request form, we also conclude that the Board's determination that petitioner requested a continuance of his revocation hearing is supported by substantial evidence.

We turn now to the timeliness of the revocation hearing. Pursuant to 37 Pa.Code § 71.4(1), a CPV must be provided a revocation hearing within 120 days of the Board's receipt of official verification of a new conviction. *James v. Pennsylvania Board of Probation and Parole,* 109 Pa.Cmwlth. 268, 530 A.2d 1051 (1987). However, 37 Pa.Code § 71.5(c) excludes certain periods from the computation of the 120–day period. Specifically, 37 Pa.Code § 71.5(c)(2) excludes periods of delay which are directly or indirectly attributable to a request for continuance made by a parolee or a parolee's counsel.

In the instant matter, petitioner conferred with IPS Ricketts on October 9, 1987, and requested that his October 21, 1987, revocation hearing be continued to allow him more time to prepare for his defense. On January 4, 1988, petitioner informed IPS Ricketts that he was prepared to proceed with the revocation hearing. Accordingly, pursuant to 37 Pa.Code § 71.5(c)(2), the period from October 9, 1987, until January 4, 1988, is excluded from the 120–day computation required by 37 Pa.Code § 71.4(1). We conclude, therefore, that when the 86 days during which petitioner requested a continuance is excluded from the time in which the revocation hearing was held, such hearing was held only 107 days from petitioner's July 17, 1987, conviction and is, therefore, timely.

Accordingly, we will affirm.

CRUMLISH, Jr., President Judge, concurs in the result only.

MacPHAIL, J., did not participate in the decision in this case.

## ORDER

AND NOW, this 1st day of February, 1989, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is hereby affirmed.