616 A.2d 1097

**George SANCHEZ, a/k/a George Santiago, Petitioner,**

**v.**

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 14, 1992.

Decided Oct. 28, 1992.

336

Joseph J. Hylan, Asst. Public Defender, for petitioner.

Arthur R. Thomas, Asst. Chief Counsel, for respondent.

Before CRAIG, President Judge, PELLEGRINI, J., and BLATT, Senior Judge.

CRAIG, President Judge.

Petitioner George Sanchez appeals an order of the Pennsylvania Board of Probation and Parole, which denied his request for administrative relief from a parole revocation order.

On appeal, Sanchez raises the following issues: (1) whether the board established that the revocation hearing was timely held; and (2) whether the evidence admitted at the revocation hearing was sufficient to sustain the board's recommitment order.

### Background Facts

On April 13, 1989, a judge of the Philadelphia County Court of Common Pleas sentenced Sanchez to three fifteen-month-to-five-year terms to be served concurrently. On December 21, 1989, the board granted Sanchez parole from those sentences. Sanchez was arrested on February 8, 1990 and March 4, 1990, while on parole, on new criminal charges.

On March 13, 1990, Sanchez signed and submitted to the board a "Request For Continuance of Hearing" form in which Sanchez requested the board to continue his revocation hearing pending (1) disposition of all criminal charges against him, and (2) his written request that the board schedule and conduct a hearing. On May 21, 1990, Sanchez entered a guilty plea to his February 8, 1990 criminal charge. (R. 39) His parole agent verified that plea on July 3, 1990. On August 7, 1991 Sanchez was found guilty of his March 4, 1990 criminal charges. On August 20, 1991, his parole agent verified the August 7th guilty verdict.

The board held a parole revocation hearing on September 24, 1991 to address *both* the May 21 and August 7, 1991 convictions. At the hearing, the board admitted photocopies of Sanchez' May 21 and August 7, 1990 convictions from the Philadelphia County criminal court docket sheets as evidence

of Sanchez' new convictions. The photocopy of the May 21st conviction, bearing the judge's facsimile signature, was certified by the court clerk; the photocopy of the August 7th conviction was not certified, but it bore the actual signature of the trial judge.

At the revocation hearing, Sanchez objected to the timeliness of the hearing with regard to his May 21, 1990 conviction. Sanchez contended that the board was required to have held an hearing within 120 days after July 3, 1990, the date Sanchez' parole agent verified his May 21st conviction. The board overruled the objection "technically," in order to review its central office files. (R.31)

Sanchez also objected to the admissibility of the certified photocopy of the May 21st guilty plea and uncertified photocopies of the August 7th convictions from the Philadelphia County criminal court docket sheet. Sanchez argued that the records were not admissible because they were not certified and under seal. The board overruled that challenge and admitted the documents on the basis that they were signed properly by the trial judge.

On January 9, 1992, the board mailed a revocation decision to Sanchez, recommitting him as a convicted parole violator and imposing aggregate backtime of thirty months, based on his new convictions. Sanchez filed an administrative appeal, pro se, alleging that the board failed to hold a timely revocation hearing following his May 21st guilty plea and conviction. The board denied his appeal on the basis of a "Continuance Request Form" signed by Sanchez, which the board discovered in his files after the hearing on September 24, 1991. The board noted that Sanchez never submitted a written notice to the board to reschedule his revocation hearing.

On February 2, 1992, Sanchez, then represented by counsel, filed a second request for administrative relief contending that, (1) the board's revocation hearing was untimely, and (2) the board improperly admitted documents into evidence at the revocation hearing. On April 1, 1992 the board denied Sanchez's administrative appeal for the same reasons that it had denied Sanchez's pro se request for administrative relief. In

addition, the board concluded that the hearing officer properly admitted copies of Sanchez's criminal conviction records at the hearing, because they were either under the sentencing court's seal or signed by the sentencing judge.

Sanchez appeals the board's decision to this court, challenging the timeliness of the board's hearing and its admission of evidence at the hearing.

■ This court's scope of review of a board decision is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether findings of fact are supported by substantial evidence. *Jefferson v. Pennsylvania Board of Probation and Parole*, 95 Pa. Commonwealth 560, 506 A.2d 495 (1986).

### 1. Timeliness of the Revocation Hearing

Sanchez first argues that the revocation hearing held on September 24, 1991 was untimely with regard to his May 21, 1990 conviction.

Under 37 Pa.Code § 71.4, the board is required to conduct revocation hearings within 120 days of the date of the official verification of a parolee's conviction. However, 37 Pa.Code 71.5(c)(2) provides:

(c) In determining the period for conducting hearings under this chapter, there shall be excluded from the period, a delay in any stage of the proceedings which is directly or indirectly attributable to one of the following:

(2) Continuances granted at the request of a parolee or counsel, in which case the Board is not required to reschedule the hearing until it receives a written request to reschedule the hearing from the parolee or counsel.

In the present case, the record the board forwarded to the court included a document entitled "Continuance Request Form." The form includes Sanchez' request for a continuance of his revocation hearing. The form indicates that Sanchez specifically requested that the hearing should be continued to await disposition of all outstanding criminal charges. (R. 18) Hence, based on that document, the board was not required to

schedule a hearing with respect to the May 21st guilty plea until Sanchez provided the board with written notice. The record contains no evidence that Sanchez requested a hearing or provided such notice.

However, Sanchez argues that the court should reverse the board's decision because the board did not introduce the continuance request form into evidence at the hearing.

■ This court held in *Grubbs v. Commonwealth Of Pennsylvania Board of Probation and Parole*, 85 Pa. Commonwealth Ct. 464, 481 A.2d 1390 (1984), that neither the board, in its decisionmaking process, nor this court, in reviewing a board's decision, may consider evidence not made a part of the record at the hearing. In *Grubbs*, the petitioner moved, on appeal, to strike certain documents that had not been made a part of the record at the hearing but which the respondent had filed with the court on appeal. Those documents consisted of the board's recommitment order, a sentence status report, and other parole reports.

The board relies on *Taylor v. Board of Probation and Parole*, 130 Pa. Commonwealth Ct. 627, 569 A.2d 368 (1989) in which this court held that the board may take official notice of a document contained in its own files. However, *Taylor* is distinguishable form the present case. In *Taylor*, a parolee appealed an order of the board denying his request for administrative relief from a parole revocation order. The parolee had submitted a continuance request form, so that he could have more time to prepare for the hearing. After the 120 day time period had passed, the parolee requested a hearing and then objected to its timeliness. At the hearing, the parolee argued that the board should have confronted the person who prepared the form in order to authenticate it. *Id.* 130 Pa. Commonwealth at 630, 569 A.2d at 371.

Although this court held in *Taylor* that the board, as an administrative agency, may take official notice of information contained in its own files, the continuance request form in *Taylor was* introduced into evidence. In the present case, when Sanchez objected to the timeliness of the hearing, the

board overruled Sanchez' objection without stating the basis of that ruling. The board never received the continuance request form into evidence. The board apparently searched its files after the hearing, found the form, and thus concluded that the hearing was timely.

In *Falasco v. Commonwealth of Pennsylvania Board of Probation and Parole*, 104 Pa. Commonwealth Ct. 321, 521 A.2d 991 (1987), this court held that the board may take official notice of information contained in its own files, *even though* the information was not introduced into evidence at a parole revocation hearing. However, *Falasco* also is distinguishable from the present case.

The parolee in *Falasco* appealed an order of the board which had denied him administrative relief from a parole revocation order. The parolee argued that the hearing examiner erred when he admitted into evidence a violation report which contained a *summary* of the parolee's parole history. The "information" in this report was essentially a summary of information contained in the parolee's file. The parolee argued that the documents upon which the report was based should have been offered into evidence, and because they were not, the report constituted inadmissible hearsay.

However, this court specifically stated that the board could use that documentary information in determining an appropriate *penalty*, once the fact of a parole violation has been established. *Id.* 104 Pa. Commonwealth Ct. at 327, 521 A.2d at 995.

The chief distinction between the *Falasco* case and the present case is that a report was *offered into evidence* in *Falasco*. The report contained information which *summarized* documents in the parolee's file. In the present case, the request form was neither admitted nor offered into evidence.

There is yet a further distinction between the present case and the *Falasco* case. The information that the board took official notice of in *Falasco* was used in the penalty stage of the hearing, once the fact of parole violation had been established. The board's use of information contained in the file

was for the purpose of exercising its discretionary powers in determining the parolee's penalty for parole violation.

■ Unlike the *Falasco* case, the board used the document in the present case to make a factual determination as to whether the form existed and whether Sanchez signed it. Thus, the board used a document not in evidence to make a finding necessary to the adjudication. The board should have confronted Sanchez with the form and given him an opportunity to deny or admit that he signed it. The board, by not producing the form at this fact finding stage of the hearing, violated Mr. Sanchez' due process rights.

In *Market St. Ry. Co. v. Railroad Commission of State of California*, 324 U.S. 548, 65 S.Ct. 770, 89 L.Ed. 1171 (1945), the United Supreme Court held that the California Railroad Commission properly could use revenue figures provided by the Market Street Company in its monthly reports filed with the commission but not admitted into evidence in a hearing before the commission. The company argued that the order of the commission violated its due process rights because the order was based on matters outside the record. The Supreme Court noted that, even though the reports were not introduced as evidence in the proceeding, in the absence of a showing of prejudice, the commission's "incidental" reference to the company's own reports did not constitute a violation of due process.

The court noted that the commission did not use the reports, which were not available until after the hearing, in determining the party's guilt, but in calculating the amount in which to reduce fares *after* the rights of the parties had been established—in the penalty stage of the proceedings. *Id.*

■ Thus, both the *Market St.* and *Falasco* cases stand for the proposition that administrative agencies may take official notice of non-record evidence or information which goes to an agency's discretionary power in the remedial or penalty aspects of a proceeding as compared to information that is relevant to an agency's adjudication of facts or the non-discretionary remedial and penalty aspects of a proceeding.

The Supreme Court in *Market St.* noted that the reports at issue had no substantial bearing on the ultimate rights of the parties. However, in the present case, the continuance request form was necessary evidence for the board to meet its burden of proof on the question of timeliness at the fact-finding stage of the proceeding. The continuance form did in fact have a substantial bearing on Sanchez' ultimate rights. In this case, due process required the board to provide Sanchez with the opportunity to subject the evidence to cross examination and rebuttal. Sanchez was not given that opportunity.

This court concludes that the board erred in relying on a continuance request form not admitted into evidence at the revocation hearing but contained in Sanchez' files, in proving matters necessary to the fact finding stages of the hearing.

2. Admissibility of The Evidence

Sanchez also argues that the evidence admitted at the revocation hearing was insufficient to sustain the board's recommitment order.

Sanchez contends that the conviction documents the board admitted into evidence at the hearing constitute hearsay. Sanchez argues that because one document was not certified, and because neither was submitted under seal, the records constitute hearsay evidence.

In *Anderson v. Pennsylvania Board of Probation and Parole,* 91 Pa.Commonwealth Ct. 486, 497 A.2d 947 (1985), this court held that, in a parole revocation hearing, the board's admission of uncertified photocopies of criminal court docket sheets, signed by the trial judge, did not constitute reversible error.

In *Anderson,* the parolee contended that the board committed reversible error by admitting hearsay evidence, over objection, that consisted of a photocopy of the Philadelphia County criminal docket sheet, signed by the trial judge, on the ground that the record should have been certified "under seal" in order for the documents to fall within the exception to the

hearsay evidence rule. *Id.* 91 Pa.Commonwealth Ct. at 489, 497 A.2d at 949.

The court held that photocopies of court records need not be additionally certified, because 37 Pa.Code § 71.5(d) permits the board to use documentary evidence if the board is satisfied that the evidence is authentic, relevant and accurate. This court further stated that because the records were public records, the Uniform Photographic Copies of Business and Public Records as Evidence Act specifically made the photocopies admissible. That Act states:

> Such reproduction, when satisfactorily identified, is as admissible in evidence as the original itself in any judicial or administrative proceeding, whether the original is in existence or not, and an enlargement or facsimile of such reproduction is in existence and available for inspection under direction of the tribunal. The introduction of a reproduced record, enlargement or facsimile does not preclude admission of the original.

*Id,* 91 Pa.Commonwealth Ct. at 491, 497 A.2d at 950.

In *Anderson,* the court agreed with the board's finding that the authentication of the documents by the signature of the trial judge, reproduced in the photocopies, was adequate authentication of the uncertified court record. *Id.*[1]

█ In accordance with *Anderson,* this court holds that the photocopies of the May 21 and August 7 convictions, taken from the criminal court docket sheets, support the board's decision. The records were properly admitted although they were photocopies and not originals. The uncertified docket sheet containing the August 7 conviction bore the actual

---

1. The *Anderson* court noted that 37 Pa.Code Sec. 71.5(d) is consistent with rulings by the United States Supreme Court in *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). The Supreme court stated in these cases that parole and probation revocation proceedings need not be conducted with the same formality as a criminal trial and that state parole boards could consider evidence, such as statements, affidavits, and other documentary evidence, not normally admissible in an adversary trial. *Anderson,* 91 Pa.Commonwealth Ct. at 492, 497 A.2d at 950, citing *Morrissey,* 408 U.S. at 489, 92 S.Ct. at 2604; *Gagnon,* 411 U.S. at 783, 93 S.Ct. at 1760.

signature of the trial judge; the docket sheet containing the May 21 guilty plea bore the facsimile signature of the trial judge *and* it was properly certified by the clerk of the court.

Accordingly, the decision of the board is vacated because the board relied on a document not admitted into evidence. The case is remanded to the board to give Sanchez an opportunity to confront the board's reliance on the Continuance Request Form.

## ORDER

NOW, October 28, 1992, the order of the Pennsylvania Board of Probation and Parole at Parole No. 866, dated March 31, 1992, is vacated and this case is remanded to the board to provide Sanchez the opportunity to confront the evidence the board relied upon in reaching its decision.

Jurisdiction relinquished.