**Marc WILEY, Petitioner**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Jan. 28, 2009.
Decided March 11, 2009.

Harry J. Cancelmi, Jr., Waynesburg, for petitioner.

Alan M. Robinson, Asst. Counsel, Harrisburg, for respondent.

BEFORE: LEADBETTER, President Judge, McGINLEY, Judge, SMITH–RIBNER, Judge, PELLEGRINI, Judge, SIMPSON, Judge, LEAVITT, Judge, and BUTLER, Judge.

OPINION BY Judge BUTLER.

Marc Wiley (Wiley) petitions this Court for review of the orders of the Pennsylvania Board of Probation and Parole (Board) denying his requests for administrative relief. For reasons that follow, we affirm the Board's orders.

On August 22, 2001, the Court of Common Pleas of Philadelphia County sentenced Wiley to a term of four to eight years imprisonment for possession of a controlled substance with the intent to deliver. Wiley's original maximum sentence date was December 29, 2008. On January 4, 2005, the Board granted Wiley parole. On March 4, 2006, Wiley was arrested for criminal conspiracy, possession of a controlled substance and possession of a controlled substance with the intent to deliver. On April 19, 2006, Wiley was recommitted as a technical parole violator to serve nine months backtime. On April 10, 2007, Wiley pled guilty to possession of a controlled substance with the intent to deliver and was sentenced to a term of one and one half to three years imprisonment. On September 28, 2007, Wiley was recommitted as a convicted parole violator to serve a concurrent term of twenty-four months backtime. Wiley's maximum sentence date was thus changed to August 24, 2010.

■ On November 5, 2007, Wiley filed a request for administrative relief on the grounds that his parole revocation hearing was untimely; the Board failed to meet its burden in proving it was timely; and the Board erred in calculating his new maximum sentence date. On December 12, 2007, the Board mailed its decision

modifying Wiley's maximum sentence date to November 30, 2009. On January 3, 2008, prior to receiving a response to his November 5, 2007 request, Wiley filed another request for administrative relief objecting to the modified recalculation. On January 8, 2008, the Board mailed a letter to Wiley denying his request submitted on November 5, 2007, explaining that the revocation hearing was timely, the Board met its burden of proving that it was timely, and the maximum sentence date had been recalculated. On January 11, 2008, the Board mailed a letter to Wiley denying his request submitted on January 3, 2008, explaining the calculations used to modify his maximum sentence date, and further explaining that the Board would not address his challenge to the modified date because he could not use a recalculation to argue the merits of an improper revocation. Wiley appealed both decisions to this Court.[1]

 Wiley argues that his revocation hearing was not timely and the Board did not meet its burden in proving that it was timely.[2] Specifically, he contends the official verification date was April 10, 2007, not June 5, 2007, as offered by the Board, thus his parole violation charges should have been dismissed.

Pursuant to 37 Pa.Code § 71.4(1), a revocation hearing 'shall be held within 120 days from the date the Board received official verification of the plea of guilty or *nolo contendere* or of the guilty verdict at the highest trial court level....' The Board's regulations define 'official verification' as '[a]ctual receipt by a parolee's supervising parole agent of a direct written communication from a court in which a parolee was convicted of a new criminal charge attesting that the parolee was so convicted.' 37 Pa.Code § 61.1. When the timeliness of a hearing is challenged, the Board bears the burden of proving by a preponderance of the evidence that the hearing was timely. *Abbruzzese v. Pennsylvania Board of Probation and Parole*, [105 Pa. Cmwlth. 415, 524 A.2d 1049 (1987)]. If the Board fails to present substantial evidence demonstrating the timeliness of the revocation hearing, thereby failing to meet its burden of proof, the parole violation charges are dismissed with prejudice.

*Johnson v. Pennsylvania Bd. of Prob. and Parole*, 890 A.2d 45, 49 (Pa.Cmwlth.2006) (emphasis deleted and footnote omitted).

In the instant case, the Board introduced Form 257C[3] as proof of the official verification of the guilty plea. According to Form 257C, the verification date was June, 5, 2007. Record (R.) at 17. As the revocation hearing was held September 21, 2007, the hearing was held within 108 days of the official verification and thus, timely.

Wiley argues, however, that Form 257C is inadmissible hearsay and the correct verification date should be the date of the Sentencing Order, ergo, April 10, 2007. R. at 52. Thus, the revocation hearing was held outside of the 120–day requirement and untimely.

---

1. This Court consolidated the petitions for review for disposition by order dated January 28, 2008. Our review is limited to determining whether the Board's findings are supported by substantial evidence, whether the Board committed an error of law, and whether constitutional rights were violated. *Vanderpool v. Pennsylvania Bd. of Prob. and Parole*, 874 A.2d 1280 (Pa.Cmwlth.2005).

2. These are the only arguments raised in Wiley's brief, hence they are the only arguments addressed in this opinion.

3. Form 257C is the Criminal Arrest and Disposition Report.

Section 22 of the Act commonly referred to as the "Parole Act"[4] states in pertinent part that the Board, in revoking parole, "[m]ay act on report submitted to them by their agents and employes, together with any pertinent and adequate information furnished to them by fellow members of the [B]oard or by others."

Wiley argues that pursuant to *Sanchez v. Pennsylvania Bd. of Prob. and Parole,* 151 Pa.Cmwlth. 335, 616 A.2d 1097 (1992), and *Johnson,* the Board cannot rely on Form 257C because the agent who wrote it did not appear at the hearing. However, the Court in *Sanchez* held "the [B]oard erred in relying on a continuance request form *not admitted into evidence* at the revocation hearing but contained in Sanchez' files, in proving matters necessary to the fact finding stages of the hearing." *Id.* at 1101 (emphasis added). And the Court in *Johnson* stated, "[w]hile the Board may, in certain circumstances, take official notice of documents contained in its own files, this court has held that the Board may not take official notice of documents in its file when such documents *were not offered into evidence* and pertained to a necessary factual determination." *Id.* at 49–50 (emphasis added) (citation omitted). In the instant case, Form 257C was accepted into evidence, and Wiley's counsel's objection as to its inadmissibility was specifically overruled. R. 28–29.

■ Moreover, in *Taylor v. Pennsylvania Bd. of Prob. and Parole,* 130 Pa. Cmwlth. 627, 569 A.2d 368 (1989), this Court held "[t]he instant matter ... involves an official form which was prepared by a board employee and contained in petitioner's case file. Accordingly, we conclude that the Board properly took official notice of this document." *Id.* at 371. In *Taylor,* the Court cited *Falasco v. Pennsylvania Bd. of Prob. and Parole,* 104 Pa.Cmwlth. 321, 521 A.2d 991 (1987), for the proposition:

> the Board, as an administrative agency, may take official notice of information contained in its own files.... [O]fficial notice is the administrative counterpart of judicial notice and allows an agency to take official notice of facts contained in reports and records in the agency's files, in addition to those facts which are obvious and notorious to the average person.

*Taylor* at 371. Accordingly, in presenting Form 257C, the Board presented substantial evidence demonstrating the timeliness of the revocation hearing, thereby meeting its burden of proof.[5]

For all of the above reasons, the Board's orders are affirmed.

### ORDER

AND NOW, this 11th day of March, 2009, the orders of the Pennsylvania Board of Probation and Parole are hereby affirmed.

---

**4.** Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. § 331.22.

**5.** In reaching this conclusion, we specifically reject the Board's contention that Section 71.4(1) of its regulations does not apply in this case. According to the Board, Section 71.4(1) only applies to "parolees" and since Wiley was recommitted as a technical parole violator prior to his conviction, he could no longer be considered a "parolee." This contention lacks merit. The regulation appearing at 37 Pa.Code § 71.4(1) establishes procedures for a person who commits crimes while a "parolee." Indeed, Section 21.1(a) of the Parole Act, 61 P.S. § 331.21a(a), authorizes the Board to recommit any "parolee" who commits a crime "during the period of parole." Thus, because Wiley committed a crime during his period of parole, *i.e.,* while he was a "parolee," the 120–day rule in Section 71.4(1) applies to him.

CONCURRING OPINION BY Judge SIMPSON.

Although I concur in the result reached by the majority, I write separately to express my concern about this Court's inconsistent application of the doctrine of official notice. In particular, I believe a recent case employing the doctrine, *Ramos v. Pennsylvania Board of Probation and Parole*, 954 A.2d 107 (Pa.Cmwlth.2008), was wrongly decided. I fear that this case compounds the problems of *Ramos* by failing to distinguish it.

Both this case and *Ramos* deal with receipt into evidence of an official record of the Board. In this case, admission of the record is upheld under the doctrine of official notice, thereby supporting a finding that the revocation hearing was timely. In *Ramos*, admission of an official record of the Board was disallowed, despite the doctrine of official notice, thereby resulting in a determination that the revocation hearing was not proved to be timely. To me, the cases are inconsistent.

Both this case and *Ramos* are controlled by our Court's decision in *Taylor v. Pennsylvania Board of Probation and Parole*, 130 Pa.Cmwlth. 627, 569 A.2d 368 , *appeal denied*, 523 Pa. 652, 567 A.2d 655 (1989). In *Taylor*, as in this case and in *Ramos*, a question arose as to whether a revocation hearing for a parolee convicted of a new crime was timely. In *Taylor*, a continuance request form was received in evidence over hearsay and confrontation objections. The form, which was in the Board's files for the parolee, bore notations of an institutional supervisor indicating the parolee asked for the continuance but refused to sign the form. The supervisor, who worked at the institution where the hearing was held but did not testify, also noted on the form the date and time of the conversation with the parolee as well as the parolee's comments concerning his reason for the continuance. *Id.* at 369–70. This Court held receipt of the form proper under the doctrine of official notice. Also, based on the form, this Court held that the parolee requested a continuance, during which the time for holding a hearing was suspended, and that the revocation hearing was timely.

I cannot reconcile this case, *Ramos* and *Taylor*. Our goal is to clarify the law, not to unsettle it. My concern is that between *Ramos* and this case, we achieve the latter result.