# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas Scantling, : 
                   Petitioner : 
                         : 
          v. : No. 2701 C.D. 2015
                         : Submitted: October 28, 2016
Pennsylvania Board of Probation : 
and Parole, : 
                 Respondent : 

BEFORE:  HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                   **FILED: February 3, 2017**

       Petitioner Thomas Scantling (Scantling) petitions for review of an order (final determination) of the Pennsylvania Board of Probation and Parole (Board), denying his request for administrative relief. Scantling's appointed counsel, Nicholas A. Newfield (Counsel), however, filed a motion to withdraw as counsel. Counsel asserts, as expressed in his "no merit" letter, that the issues Scantling raises in his petition for review are without merit. We grant Counsel's motion to withdraw and affirm the Board's order.

       Scantling pleaded guilty to aggravated assault on November 13, 2009. (Certified Record (C.R.) at 1.) Scantling was sentenced to a period of incarceration for four-to-ten years for that conviction. (*Id.* at 1-2.) The maximum sentence date for the aggravated assault conviction was September 9, 2018. (*Id.*) The Board granted Scantling parole, with a release date of September 10, 2012.

(*Id.* at 4.) The Board issued a decision recorded on December 2, 2013, recommitting Scantling as a technical parole violator and directing him to serve six months backtime when available. (*Id.* at 15-17.) The Board recorded another decision on January 24, 2014, modifying the December 2, 2013 decision and indicating that it was re-paroling Scantling in April 2014. (*Id.* at 35.)

On August 16, 2014, Scantling was arrested for driving under the influence of alcohol or drugs, and he pleaded guilty on November 13, 2014. (*Id.* at 69.) Scantling served 72 hours of incarceration from February 24, 2015, to February 27, 2015, and was then immediately re-paroled. (*Id.* at 65-66.) The Board conducted a revocation hearing on May 15, 2015. (*Id.* at 80-81.) Scantling's supervisory parole agent sought to introduce the "Criminal Arrest and Disposition Report" (Form 275C), as well as a document request form that allegedly demonstrated her attempts to acquire sentencing information on Scantling. (*Id.* at 81.) Counsel objected to the admission of both, and the Board admitted Form 275C but sustained a hearsay objection to the document request form. (*Id.*) Counsel also objected to the hearing on the grounds that it was untimely, but the Board overruled that objection. (*Id.*) The Board issued a decision recorded on August 14, 2015, recommitting Scantling as a convicted parole violator, instituting six months of backtime, and changing his maximum sentence date to September 12, 2018. (*Id.* at 91-92.)

Scantling filed a petition for administrative review of the Board's August 14, 2015 order, alleging that the Board failed to conduct a timely revocation hearing and improperly relied on hearsay evidence. Additionally, Scantling challenged the Board's determination of his maximum sentence date for the driving under the influence conviction. (*Id.* at 97.) The Board responded to

2

Scantling's request for administrative review by letter mailed December 7, 2015. The Board's letter addressed all of the challenges Scantling mentioned in his request for administrative relief and affirmed its decision. Scantling then filed a petition for review with this Court, challenging the Board's December 7, 2015 final determination.

Previously, Counsel filed a motion for leave to withdraw, which we denied. *Scantling v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 2701 C.D. 2015, filed September 15, 2016) (Brobson, J.) (*Scantling I*). Nevertheless, we provided him with an opportunity to submit an amended motion after supplying his client with an amended no-merit letter. We explained that in order for Counsel to comply with the requirements set forth in *Zerby v. Shanon*, 964 A.2d 956 (Pa. Cmwlth. 2009), Counsel must fully discuss the issues raised by Scantling and why the applicable law does not provide relief. *Id.*, slip op. at 5. We now address the sufficiency of the amended no-merit letter and assess the merits of Scantling's appeal.

In seeking to withdraw, this Court has consistently required an attorney to include the following descriptive information in a no-merit letter: (1) the nature and extent of counsel's review of the case; (2) the issues the parolee wants to raise; and (3) the analysis counsel used in reaching his conclusion that the issues are meritless. *Zerby*, 964 A.2d at 956.[1] Consequently, before considering whether the matter has no merit and proceeding to make an independent review of

---

[1] As we discussed in *Scantling I*, Counsel's original no-merit letter complied with the procedural requirements set forth in *Reavis v. Pennsylvania Board of Probation and Parole*, 909 A.2d 28, 33 (Pa. Cmwlth. 2006), and Counsel's amended no-merit letter complies with *Reavis* for the reasons set forth in *Scantling I*. *See Scantling I*, slip op. at 3.

the merits of the case, we must first evaluate Counsel's no-merit letter to determine whether it complies with the requirements for withdrawal applications. Counsel's no merit letter includes a fair summary of Scantling's conviction and parole history, thus reflecting an adequate review of the record. Counsel has also sufficiently summarized the issues Scantling has raised in his petition for review and provided some legal analysis of the reasons why the issues have no merit. We, therefore, will proceed to consider the question of whether counsel is correct in asserting that the issues Scantling has raised are without merit.

First, we agree with Counsel that Scantling's assertion that the revocation hearing was untimely is meritless. The time requirements for revocation hearings for a convicted parole violator are set forth in 37 Pa. Code § 71.4:

> (1) A revocation hearing shall be held within 120 days from the date the Board received official verification of the plea of guilty or nolo contendere or of the guilty verdict at the highest trial court level except as follows:
>
> > (i) If a parolee is confined outside the jurisdiction of the Department of Corrections, such as confinement out-of-State, confinement in a Federal correctional institution or confinement in a county correctional institution where the parolee has not waived the right to a revocation hearing by a panel in accordance with *Commonwealth ex rel. Rambeau v. Rundle*, 455 Pa. 8, 314 A.2d 842 (1973), the revocation hearing shall be held within 120 days of the official verification of the return of the parolee to a State correctional facility.
> >
> > (ii) A parolee who is confined in a county correctional institution and who has waived the right to a revocation hearing by a panel in accordance with the *Rambeau* decision shall be deemed to be within the jurisdiction of the Department of Corrections as of the date of the waiver.

4

This provision required the Board to hold a revocation hearing within 120 days of the "official verification" of Scantling's guilty plea. The Board's regulations define "official verification" as the "[a]ctual receipt by a parolee's supervising parole agent of a direct written communication from a court in which a parolee was convicted of a new criminal charge attesting that the parolee was so convicted." 37 Pa. Code § 61.1.

The Board admitted Form 275C as proof of the official verification of the guilty plea. According to this document, the date of the official verification was April 27, 2015. (C.R. at 63-64.) The revocation hearing, held on May 15, 2015, was well within the 120-day maximum period after April 27, 2015, and thus, was timely. Notably, we previously held that the same form used in this case, Form 275C, constituted substantial evidence of the timeliness of a revocation hearing in *Wiley v. Pennsylvania Board of Probation & Parole*, 967 A.2d 1060, 1063 (Pa. Cmwlth.), *appeal denied*, 982 A.2d 1229 (Pa. 2009).[2] Likewise, we conclude, as we did in *Wiley*, that the Board met its burden proving the timeliness of the revocation hearing.

Next, we agree with Counsel and reject Scantling's contention that the Board impermissibly relied on hearsay evidence to conclude that Scantling violated his parole. First, as we explained above, the Board did not err by admitting Form 275C into evidence. This Court has previously held that the Board, as an administrative agency, may take official notice of facts contained in reports and records in the agency's files, in addition to those facts which are

---

[2] In *Wiley*, this Court also distinguished prior cases where the Board relied upon documents that were not admitted into evidence. *Wiley*, 967 A.2d at 1063. Here, the Board admitted Form 275C into evidence and thus these cases are inapplicable.

5

obvious and notorious to the average person. *Taylor v. Pa. Bd. of Prob. & Parole*, 569 A.2d 368, 371 (Pa. Cmwlth.), *appeal denied*, 567 A.2d 655 (Pa. 1989). In *Taylor*, we upheld the admission of a document that was in the Board's files for a parolee over a hearsay objection under the doctrine of official notice. *Id.* at 370. Pursuant to *Taylor*, Form 275C is admissible over a hearsay objection. Form 275C reflects that Scantling pleaded guilty to the driving under the influence charge on November 13, 2014. (C.R. at 64.) Moreover, Scantling admitted to his driving under the influence conviction at the hearing. (*Id.* at 80-81.) We conclude, therefore, that the Board sufficiently proved Scantling's new conviction, and his argument to the contrary is without merit.

Finally, we address Scantling's assertion that the Board erred in its calculation of the new maximum sentence date. The Board extended the maximum sentence date by three days, from September 9, 2018, to September 12, 2018. The Board did not grant Scantling credit for the period of February 24, 2015, to February 27, 2015. This Court has held that a parolee whose parole was revoked and sentence recalculated was not entitled to receive credit for incarceration time served on new criminal charges against his original sentence. *Koehler v. Pa. Bd. of Prob. & Parole*, 935 A.2d 44, 54-55 (Pa. Cmwlth. 2007). Scantling's argument, therefore, that the Board failed to credit the time he served from February 24, 2015, to February 27, 2015, also lacks merit.

Accordingly, we will grant Counsel's motion to withdraw. Moreover, because we have concluded that Scantling's petition for review lacks merit, we affirm the order of the Board, denying his administrative appeal.

_____
P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas Scantling,           :
            Petitioner     :
                    :
         v.            :   No. 2701 C.D. 2015
                    :
Pennsylvania Board of Probation  :
and Parole,            :
           Respondent   :

# **O R D E R**

AND NOW, this 3rd day of February, 2017, the motion to withdraw as counsel filed by Nicholas A. Newfield is GRANTED, and the order of the Pennsylvania Board of Probation and Parole is AFFIRMED.

_____
P. KEVIN BROBSON, Judge