# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Rupert Brintley,<br>  Petitioner<br><br>  v.<br><br>Pennsylvania Board of<br>Probation and Parole,<br>  Respondent | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

No.  569 C.D. 2017

Submitted:  December 1, 2017

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                              FILED:  January 10, 2018


Rupert Brintley (Petitioner) petitions for review of the May 3, 2017 decision of the Pennsylvania Board of Probation and Parole (Board), which denied his petition for administrative review and affirmed the July 26, 2016 determination to recommit Petitioner as a convicted parole violator and extend his maximum sentence expiration date.

The underlying facts of this case are not in dispute.  Petitioner was originally convicted of 3rd degree murder and sentenced on January 31, 2001, to a term of incarceration of 10 to 20 years.  Petitioner was released on parole to a community corrections center on February 22, 2010.  On May 22, 2012, Petitioner was arrested and charged with multiple sexual offenses, including rape of a child, unlawful contact

with a minor, sexual assault, incest, and indecent assault. That same day, the Board issued a warrant to commit and detain Petitioner pending disposition of these new criminal charges. On October 29, 2015, Petitioner pled no contest to the charges of rape of a child and unlawful contact with a minor. On April 27, 2016, Petitioner was sentenced to a term of incarceration of 6 to 12 years on each conviction, with the sentences to run concurrently. (Certified Record (C.R.) at 1-51.)[1]

On May 16, 2016, Petitioner was provided with a notice of charges and parole revocation hearing related to his new criminal convictions. A parole revocation hearing was subsequently held on June 16, 2016. At this hearing, counsel for Petitioner raised an issue with respect to the timeliness of the hearing, noting that the date of conviction was October 29, 2015. Parole Agent Ryan Svenkeson appeared on behalf of the Board and responded that the Board did not receive official verification of Petitioner's convictions until April 27, 2016, and, hence, the hearing was held within the required 120 days.[2] The hearing examiner noted that the official verification of Petitioner's convictions from the Philadelphia Court System Records Department was date-stamped April 27, 2016. Agent Svenkeson explained that it takes time to get this official verification processed through the courts and that he cannot schedule a revocation hearing until he receives the same. Counsel for Petitioner reiterated that the conviction occurred six months earlier. Agent Svenkeson then presented a chain of several emails from the Board to the convicting court from November 4, 2015, through March 1, 2016, requesting the official verification. (C.R. at 53-96.)

---

[1] The remaining charges were *nolle prossed*. (C.R. at 39.)

[2] The Board's regulations require that a parole revocation hearing be held "within 120 days from the date the Board received official verification of the plea of guilty or *nolo contendere* or of the guilty verdict at the highest trial court level." 37 Pa. Code §71.4(1).

Upon questioning by counsel for Petitioner, Agent Svenkeson admitted that, as of November 4, 2015, the secured docket, which showed Petitioner's convictions on October 29, 2015, was available to the Board. However, Agent Svenkeson noted that he still needed certified proof of the convictions before scheduling the parole revocation hearing. The hearing examiner ultimately overruled Petitioner's objection to the timeliness of the hearing, and, following brief testimony from Petitioner, the hearing was closed. By decision mailed July 26, 2016, the Board recommitted Petitioner as a convicted parole violator to serve 30 months backtime and extended his maximum sentence expiration date. (C.R. at 97-114.)

On August 22, 2016, Petitioner submitted an administrative remedies form to the Board alleging that his parole revocation hearing was untimely. Petitioner contended that the Board received official notice of his convictions on November 4, 2015, and that the hearing held on June 16, 2016, was well beyond the required 120 days. By decision mailed May 3, 2017, the Board denied Petitioner's request for administrative review and affirmed its July 26, 2016 recommitment order. The Board held that the parole revocation hearing was timely, explaining that, despite Petitioner's convictions on October 29, 2015, it did not receive official verification of the same until April 27, 2016, and the hearing was held within 50 days of receipt of this verification. (C.R. at 118-22.)

Petitioner thereafter filed a petition for review with this Court.

On appeal,[3] Petitioner argues that the Board erred in affirming his recommitment as it contravened his due process right to a timely parole revocation hearing. We disagree.

---

[3] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with the law, and whether necessary findings were

3

"There is no question that one of the minimal due process rights to which parolees are entitled is the disposition of their parole violation charges within a reasonable time." *Carr v. Pennsylvania Board of Probation and Parole*, 494 A.2d 1174, 1176-77 (Pa. Cmwlth. 1985) (citing *Morrissey v. Brewer*, 408 U.S. 471, 485 (1972)). As noted above, the Board's regulations address the timeliness of a parole revocation hearing, providing that,

> A revocation hearing shall be held within 120 days from the date the Board received official verification of the plea of guilty or nolo contendere or of the guilty verdict at the highest trial court level . . . .

37 Pa. Code §71.4(1). The regulations further define "official verification" as "Actual receipt by a parolee's supervising parole agent of a direct written communication from a court in which a parolee was convicted of a new criminal charge attesting that the parolee was so convicted." 37 Pa. Code §61.1. When the timeliness of a parole revocation hearing is challenged, the Board bears the burden of proving by a preponderance of the evidence that the hearing was timely. *Wiley v. Pennsylvania Board of Probation and Parole*, 967 A.2d 1060, 1062 (Pa. Cmwlth. 2009). If the Board fails to present substantial evidence demonstrating the timeliness of the revocation hearing, thereby failing to meet its burden of proof, the parole violation charges are dismissed with prejudice. *Id.*

In the present case, Petitioner argues that the Board's explanations for why it had to wait for the official verification and what it was doing to procure proof of the convictions failed to establish that the hearing was timely or that it acted diligently. In support of this argument, Petitioner relies on this Court's previous decisions in

---

supported by substantial evidence. 2 Pa.C.S. §704; *Adams v. Pennsylvania Board of Probation and Parole*, 885 A.2d 1121, 1122 n.1 (Pa. Cmwlth. 2005).

4

*Williams v. Pennsylvania Board of Probation and Parole*, 579 A.2d 1369 (Pa. Cmwlth. 1990); *Fitzhugh v. Pennsylvania Board of Probation and Parole*, 623 A.2d 376 (Pa. Cmwlth. 1993); *McDonald v. Pennsylvania Board of Probation and Parole*, 673 A.2d 27 (Pa. Cmwlth. 1996); and *Taylor v. Pennsylvania Board of Probation and Parole*, 931 A.2d 114 (Pa. Cmwlth. 2007).

In *Williams*, this Court held that the Board could not exclude time from the 120-day requirement where it permitted a parolee to remain for months in another jurisdiction before taking him into custody. In *Fitzhugh*, we held that the Board could not force a parolee to wait an unreasonable period of time for a parole revocation hearing by delaying retrieval of the necessary court records. In *McDonald*, we held that the Board's failure to explain an inability to hold a parole revocation hearing within 120 days of its acquisition of jurisdiction over the newly-convicted parolee required dismissal of the violations with prejudice. Finally, in *Taylor*, this Court, sitting *en banc*, held that a certified computer printout of the court history of a parolee's new conviction met the definition of "official verification" under the Board's regulations. However, Petitioner's reliance on these cases is misplaced as these cases are factually distinguishable from the present case.

In this case, while Agent Svenkeson admitted at the parole revocation hearing that he was aware of and possessed a computer printout of Petitioner's court history showing his new convictions, unlike in *Taylor*, this computer printout was not certified by the convicting court. To the contrary, this computer printout contains an express declaration that the same cannot be relied on to be accurate. Even if the Board had attempted to obtain official verification of this computer printout, as Petitioner alleges in his brief, Petitioner merely speculates that the Board could have obtained this verification prior to April 27, 2016. Moreover, unlike the other cases relied upon by

5

Petitioner, here, the Board presented sufficient evidence establishing the multiple attempts it made to obtain the official verification from the convicting court.

Furthermore, this Court, in previously rejecting an argument that a parole revocation hearing was untimely, expressly held, "Neither statute nor regulation places a burden on the Board to demonstrate that it exercised due diligence in obtaining official verification of a parolee's new conviction." *Lawson v. Pennsylvania Board of Probation and Parole*, 977 A.2d 85, 88 (Pa. Cmwlth. 2009). In *Lawson*, the parolee claimed that a parole revocation hearing was untimely following a delay of greater than 11 months between his guilty plea to new charges and the hearing. However, in that case, a parole agent testified that he received official verification of the new convictions 61 days before the parole revocation hearing. While due diligence was not required, we noted that the parole agent offered a reason for the delay, namely a problem with obtaining official verification from the convicting court. Ultimately, we held that the parole revocation hearing, held within 61 days of the date that the parole agent received this official verification, was timely. Additionally, this Court has previously held that "the Board is not required to search every U.S. court's docket to determine whether a parolee was convicted and may wait for official verification even if an agent is aware of the conviction." *Lee v. Pennsylvania Board of Probation and Parole*, 596 A.2d 264, 265 (Pa. Cmwlth. 1991).

Because Petitioner's parole revocation hearing was held within 120 days of the date that the Board received official verification of Petitioner's new convictions, and the Board was not required to prove that it exercised due diligence in obtaining the same, the Board did not err in denying Petitioner's request for administrative review and affirming its July 26, 2016 recommitment order.

Accordingly, the Board's decision is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rupert Brintley,       :
    Petitioner    :
            :   No. 569 C.D. 2017
   v.        :
            :
Pennsylvania Board of    :
Probation and Parole,    :
    Respondent   :

## ___ORDER___

AND NOW, this 10th day of January, 2018, the decision of the Pennsylvania Board of Probation and Parole, dated May 3, 2017, is hereby affirmed.

_____
PATRICIA A. McCULLOUGH, Judge