IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jamal Harris, a/k/a Jamal Muhammad, :
                Petitioner :
                 :
          v. : No. 1215 C.D. 2018
                 : Submitted: March 22, 2019
Pennsylvania Board of Probation and :
Parole, :
              Respondent :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT              FILED: June 19, 2019

Jamal Harris, a/k/a Jamal Muhammad (Harris), petitions for review of an adjudication of the Pennsylvania Board of Probation and Parole (Board) that denied Harris's administrative appeal from the Board's decision recommitting him as a convicted parole violator. Harris argues that the Board erred by failing to hold a timely parole revocation hearing. For the reasons that follow, we affirm the Board's adjudication.

On August 27, 2015, while on parole, Harris was arrested and charged with several drug-related offenses. The Board lodged a detainer against him on August 31, 2015, and he was placed in a state correctional institution (SCI). On October 2, 2015, the Board ordered Harris detained pending disposition of the criminal charges.

Harris proceeded to a jury trial in May 2017. His parole agent, Michael Harris, attended the trial. On May 5, 2017, the jury found Harris guilty of the drug-

related offenses. On July 24, 2017, Harris was sentenced by the Court of Common Pleas of Delaware County (trial court). On August 2, 2017, the trial court sent a certified copy of Harris's sentencing order to the Board. Certified Record at 65 (C.R. ___).

A parole revocation hearing was held at SCI-Benner on September 7, 2017. Harris objected to the timeliness of the hearing. He argued that because more than 120 days had elapsed between his May 5, 2017, conviction and the September 7, 2017, revocation hearing, his parole violation should be dismissed.

Parole Agent Sheila Mason testified on behalf of the Board. Agent Mason entered into the record a criminal arrest and disposition form (Form 257-C) prepared by Agent Harris as evidence that the parole revocation hearing was timely. The form indicated that the Board received official verification of Harris's conviction on August 2, 2017. C.R. 36. The form identified July 24, 2017, as the date of Harris's conviction and, erroneously, as the date of the jury verdict.

The hearing examiner denied Harris's objection, holding that the revocation hearing was timely because it occurred within 120 days of August 2, 2017, the date on which the Board received official verification of Harris's conviction. On October 16, 2017, the Board issued a decision recommitting Harris as a convicted parole violator to serve a 24-month backtime sentence. Harris filed a petition for administrative review, again asserting that the September 7, 2017, revocation hearing was untimely and that the Board failed to credit his sentence for his time spent at liberty on parole. On August 15, 2018, a three-member panel of the Board denied Harris's petition and affirmed the revocation panel's decision. Harris petitioned for this Court's review.

2

On appeal,[1] Harris argues that the Board erred in determining that his September 7, 2017, revocation hearing was timely. Harris contends that because Agent Harris attended his jury trial, which ended with a guilty verdict on May 5, 2017, the Board had notice of his conviction as of that date. Harris also asserts that where a field agent mistakes the date of sentencing for the date of conviction and is "unavailable to offer an explanation for that mistake or refute the obvious implication that he was mistakenly waiting for a sentencing order to schedule the revocation [hearing]," the Board fails in its burden of proving that the hearing was timely. Harris Brief at 9.

When a parolee alleges that the Board failed to hold a timely revocation hearing, the Board bears the burden of proving that the hearing was timely. *Taylor v. Pennsylvania Board of Probation and Parole*, 931 A.2d 114, 116 (Pa. Cmwlth. 2007), *appeal denied*, 946 A.2d 690 (Pa. 2008). Determining whether a revocation hearing was timely is a straightforward inquiry that is governed by Board regulation. The pertinent regulation states that

> [a] revocation hearing shall be held within 120 days from the date the Board received official verification of the plea of guilty or nolo contendere or of the guilty verdict at the highest trial court level . . . .

37 Pa. Code §71.4(1). For purposes of the regulation, "official verification" is

> [a]ctual receipt by a parolee's supervising parole agent of a direct written communication from a court in which a parolee was convicted of a new criminal charge attesting that the parolee was so convicted.

---

[1] On review, we must determine whether constitutional rights have been violated, whether an error of law has been committed or whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

37 Pa. Code §61.1. This Court has held that the Board's Form 257-C is admissible to establish official verification. *Wiley v. Pennsylvania Board of Probation and Parole*, 967 A.2d 1060, 1063 (Pa. Cmwlth. 2009) (explaining that the Board may take official notice of a Form 257-C contained in its own files when the form is offered into evidence and pertains to a necessary factual determination).

Applying the regulation to the facts in this case, we conclude that Harris's parole revocation hearing was timely. According to Agent Mason's credited testimony, the Board received official verification of Harris's new convictions on August 2, 2017. Her testimony was supported by the Board's Form 257-C. The Board conducted Harris's revocation hearing 36 days later, on September 7, 2017, well within the 120-day time period mandated by 37 Pa. Code §71.4(1). There is nothing in the record to indicate that the Board received official verification of Harris's conviction earlier than August 2, 2017.

Harris argues that the Board received official verification earlier than August 2, 2017, because Agent Harris attended his criminal trial, which resulted in a guilty verdict on May 5, 2017. In support of this argument, Harris relies on a July 25, 2017, letter addressed to Agent Harris from Elizabeth Tortorelli, Director of the Victim-Witness Assistance Unit of the Delaware County District Attorney's Office. This letter thanks Agent Harris for his "cooperation and assistance in the prosecution" of Harris and informs him that Harris was sentenced on July 24, 2017. C.R. 31. Agent Harris's participation in the court proceedings does not meet the definition of "official verification" as provided by the regulation. Even if the letter constituted official verification, its date of July 25, 2017, placed the hearing well

4

within the 120-day time period mandated by the Board. Harris's arguments that the Board could have had notice prior to July 25, 2017, are speculative.[2]

Accordingly, we affirm the Board's order.

_____
MARY HANNAH LEAVITT, President Judge

---

[2] The fact that Agent Harris erroneously listed the sentencing date, July 24, 2017, as the verdict date on the Form 257-C is immaterial to resolution of this case. It has no bearing on when the Board received official verification of Harris's conviction.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jamal Harris, a/k/a Jamal Muhammad, :
                  Petitioner :
                  :
            v. : No. 1215 C.D. 2018
                  :
Pennsylvania Board of Probation and :
Parole, :
                Respondent :

# **O R D E R**

AND NOW, this 19th day of June, 2019, the order of the Pennsylvania Board of Probation and Parole dated August 16, 2018, in the above-captioned matter is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge