Charmaine Grubbs, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs September 5, 1984, to Judges MACPHAIL, DOYLE and BARRY, sitting as a panel of three.

*Jayne Shinko,* for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, October 12, 1984:

Petitioner has moved this Court to strike certain documents[1] from the record filed with the Court in conjunction with her appeal from an order by the Board of Probation and Parole (Board) denying her administrative relief. The specific documents which are the object of Petitioner's motion were not offered into evidence in the course of the administrative hearing. The record indicates that the Board's only witness at the administrative hearing was a parole

---

[1] The documents under consideration are referred to by page numbers in the record.

Pages 11-13 consist of Form PBPP-39 (the Board's recommitment order dated May 31, 1983), a sentence status change report, and PBPP-10 (the Board's parole release order).

Pages 38-48 consist of the Petitioner's parole agent's report.

Pages 58-61 consist of the Board's detention order dated November 3, 1983, a hearing report face sheet and the notice of charges and hearing.

supervisor who was testifying from the Petitioner's parole agent's report. Timely objection was made to this testimony.

The Board resists the motion now before us on the grounds that such documentation is unnecessary to give this Court a complete record, that the documents are a part of the proceedings admissible under Pa. R.A.P. 1951(a) and that the documents are not prejudicial to the Petitioner.

It is true that this Court does insist upon a complete record in every case but the Court expects that the record will be developed at the administrative hearing, not at the appellate level. For the same reason, we do not believe the documents constitute a part of the "proceedings" within the meaning of that term as used in Pa. R.A.P. 1951(a). There was not even an evidentiary reference to Form PBPP-39 in the record of this case. While there were evidentiary references to the other documents, no effort was made to admit them as part of the record. It should be well established by now that neither the Board in its decision making process, nor this Court in a review of that process, may consider any matters not made a part of the record when counsel and the litigants are present. Whether or not such matters would be prejudicial to the Petitioner is irrelevant. They simply cannot be considered.

Proper provision is made in Pa. R.A.P. 1951(b) for steps to be followed where the Board or the Petitioner wish to supplement the record. This process was not followed by the Board in the instant case.

The Petitioner is entitled to have her case decided upon the record made in her presence. The motion to strike is sustained and the Chief Clerk is directed to extract the protested items from the file under review and return them to the Board.

ORDER

The motion of Charmaine Grubbs to strike certain documents from the record is sustained. It is ordered that the Chief Clerk shall extract those matters appearing at pages 11-13, 38-48 and 58-61 from the file under review and return them to the Board.