IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Township of Darby,                :
                     Petitioner     :
                                  :
          v.                   :
                                  :
Unemployment Compensation    :
Board of Review,            :    No. 1084 C.D. 2024
                  Respondent   :    Submitted: October 9, 2025

BEFORE:    HONORABLE ANNE E. COVEY, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON               FILED: November 19, 2025

The Township of Darby (Employer) petitions for review of an order (Order) of the Unemployment Compensation (UC) Board of Review (Board) that affirmed a Referee's reversal of an order denying Patrick Trio's (Claimant) right to receive UC benefits. The Referee concluded that Claimant offered credible and competent testimony to justify a determination that he was discharged and that Employer failed to sustain its evidentiary burden of proof. The Board determined that the Referee's findings were proper and granted the UC benefits to Claimant.[1] Upon review, we affirm the Board's Order.

---

[1] Claimant did not opt to intervene after receiving a Notice to Participate. Reproduced Record (R.R.) at 188; *see also* Pennsylvania Rule of Appellate Procedure 1531, Pa.R.A.P. 1531. We note that, instead of filing a reproduced record with pages numbered as required by Pennsylvania Rule of Appellate Procedure 2173, Pa.R.A.P. 2173, Employer filed as its reproduced record a copy of the certified record and used the pagination of the certified record as the page

# I.    Background

This case reflects a conflicting account of the reported events. We primarily address the factual record established in the Referee hearing (Hearing) but acknowledge the relevant disparities from the pre-hearing submissions.[2]

Claimant worked part time as a code enforcement officer for Employer for two years. R.R. at 12. On February 13, 2024, Claimant was reprimanded by his supervisor, Nicole Whitaker (Whitaker), after several commissioners complained about Claimant's investigation of a yard sale permit.[3]    *Id.* at 24 & 110. Claimant contended at the Hearing that the stress of the public reprimand brought on a panic attack, and he informed Whitaker that he had to leave work as a result. *Id*. at 24. Before leaving, Claimant left his work iPad with an employee, stating that he "[did] not want to be responsible" for it, and turned over notes for the inspections scheduled for February 13, 2024. *Id.* at 110-11. Approximately two hours after Claimant's departure, Employer emailed Claimant to inform him of his discharge and requested return of his gas card and work notebook. *Id*. at 110.

On February 15, 2024, Claimant applied for UC benefits effective February 11, 2024. R.R. at 4. However, on March 16, 2024, the UC Service Center issued a "Disqualifying Separation Determination" (Determination), denying Claimant UC benefits on the grounds of job abandonment without good cause. R.R.

---

numbers for the reproduced record. For clarity, record cites in this opinion use the page numbers as they appear in the reproduced record.

[2] The Board made no new findings of fact on appeal of the Referee's decision. *See* R.R. 139-40.

[3] Claimant maintains that he has never engaged in prior problematic conduct, but his supervisor contends that Claimant received a verbal warning in 2023 for an altercation with a township resident. R.R. at 31 & 35.

at 38. The Determination was made pursuant to Section 402(b) of the Pennsylvania Unemployment Compensation Law (UC Law),[4] 43 P.S. § 802(b), which provides that "an employe shall be ineligible for compensation for any week" "[i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature[.]" *Id*. Claimant subsequently filed a timely appeal from the Determination to the Board, alleging that he "did not abandon [his] job without notice" but, rather, was advised by his doctor to "stay away from work for a few days" after his medication was adjusted. *Id*. at 53-54.

On April 2, 2024, the Department sent an "Acknowledgment of UC Appeal to Referee" to Claimant and Employer, specifying that "[e]veryone who is a party to this appeal will have the opportunity to testify and present witnesses and evidence during this hearing. **It is important that all parties participate and follow instructions as explained in the Notice of Hearing.**" R.R. at 60. The Notice of Hearing (Notice) was provided on May 3, 2024, informing the parties that a Referee would be determining the sole issue of whether Claimant voluntarily terminated his employment at a hearing on May 21, 2024. *Id*. at 68. The Notice also included procedural guidelines for available requests, which provided, in pertinent part:[5]

> **Continuance of Hearing** —If you cannot attend the hearing for any reason, you may request a continuance (postponement) of the hearing. **You should do this as soon as possible as untimely requests may be denied**. Written requests should include the specific reason for the

---

[4] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 751-919.10.

[5] A continuance was one of four procedural requests available to the parties. *See* R.R. at 72.

request. The referee will grant this only for "proper cause" and upon terms that he/she deems proper. If a continuance is granted, notice of the continuance and a new Notice of Hearing will follow.

*Id.* at 72. Employer's key fact witness, Whitaker, was out of town on the date of the Hearing. However, as discussed below, the record does not indicate that Employer requested a continuance. Instead, the Hearing proceeded with witnesses Harry Dingler and Beatrice Poe for Employer, neither of whom was a firsthand witness to the incident in question. *See* R.R. at 101-02. To compensate for the absence of Whitaker, Employer attempted to submit both Whitaker's questionnaire and sworn statement (Statement) as testimony, but both were excluded on hearsay grounds.[6] *Id.* at 105.

After hearing conflicting factual testimony from both parties as to the circumstances surrounding Claimant's departure on February 13, the Referee reversed the decision of the UC Service Center pursuant to Section 402(e) of the UC Law, determining that Claimant was eligible for UC benefits after Employer failed to sustain its burden of proof. R.R. at 111.

On May 29, 2024, Employer filed an appeal with the Board, arguing that Claimant left for personal reasons and violated three policies from the Employee Handbook. R.R. at 126-27. Employer also argued that the "key person" was unavailable because she was out of town for a work conference. *Id.* at 127. However, upon consideration of the record, the Board adopted and incorporated the Referee's findings of fact and conclusions and affirmed the order granting

---

[6] Claimant objected to the introduction of Whitaker's questionnaire, and the Referee unilaterally excluded the Statement. *See* R.R. at 95-96 & 105.

4

Claimant's UC benefits.[7]  *Id.* at 139-40.  Employer's appeal to this Court followed, challenging the Referee's alleged denial of a requested continuance[8] and the credibility of Claimant's medical testimony.  Employer's Br. at 5-6.

## II. Issues

Before this Court,[9] Employer argues that the Board erred in granting the Claimant's UC benefits and raises two issues for review, which we paraphrase as follows.  Employer's Br. at 5-6.

First, Employer avers that the Referee's alleged unwillingness to grant a continuance prejudiced Employer's case because Employer was unable to provide firsthand testimony concerning Claimant's willful misconduct due to the unavailability of its primary witness.[10]  *Id.* at 5.  Alternatively, Employer argues that the Referee should have allowed a submission of the Statement of its primary witness to give Employer the opportunity to properly present its case and meet its burden of proof under Section 402(e) of the UC Law, 43 P.S. § 802(e).  *Id.* at 6.  This

---

[7] The Board made no new findings of fact on appeal.  *See* R.R. at 139-40.

[8] This Court's review of the record did not reveal the alleged continuance request, and Employer failed to cite any record evidence of this request.

[9] This Court's review of the Board's order is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact were supported by substantial evidence.  *Hessou v. Unemployment Comp. Bd. of Rev.*, 942 A.2d 194, 197 (Pa. Cmwlth. 2008) (citing *Sheets v. Unemployment Comp. Bd. of Rev.*, 708 A.2d 884 (Pa. Cmwlth. 1988)).  In unemployment compensation cases, the Board is the ultimate factfinder, and its findings are conclusive on appeal so long as the record, taken as a whole, contains substantial evidence to support those findings.  *Hessou*, 942 A.2d at 198 (first citing *Peak v. Unemployment Comp. Bd. of Rev.*, 501 A.2d 1383 (Pa. 1985); and then citing *Taylor v. Unemployment Comp. Bd. of Rev.*, 378 A.2d 829 (Pa. 1977)).

[10] Due to the unavailability of Employer's primary witness, Employer requests alternative relief in the form of a remand for further testimony.

burden requires *Employer* to prove that Claimant's unemployment "is due to [Claimant's] discharge or temporary suspension from work for willful misconduct connected with his work[.]" 43 P.S. § 802(e).

Second, Employer asserts that Claimant's medical testimony was not credible and could not support a finding that Claimant did not engage in willful misconduct. *Id*. at 6-7.

The Board maintains that it properly addressed the matter under Section 402(e) of the UC Law, 43 P.S. § 802(e), instead of Section 402(b), 43 P.S. § 802(b).[11] Board's Br. at 11. As such, the Board asserts that it fairly resolved the conflicting testimony in favor of Claimant because Employer did not satisfy its burden of proof that Claimant committed willful misconduct. *Id*. at 9. It further asserts that the Statement from Employer's unavailable witness constituted impermissible hearsay which was properly excluded from the Hearing. *Id*. at 19.

## III. Discussion

### A. Referee's Abuse of Discretion

### 1. Referee's Alleged Failure to Grant a Continuance

The procedural guidance provided to the parties in the Notice of Hearing stated that a continuance will be granted only for what the Referee deems to be "proper cause." R.R. at 72; 34 Pa. Code. § 101.23(a). Such requests are to be submitted in writing to the Referee, and a Notice of Continuance and new Notice of Hearing are issued upon granting a party's request. R.R. at 72. In the event that

---

[11] The Board uses this argument to justify its application of Section 402(e) of the UC Law. However, it recognizes that Employer's failure to argue error of law in its brief waives the argument on appeal, as discussed further below. R.R. at 11; *see* Pennsylvania Rule of Appellate Procedure 2116(a), Pa.R.A.P. 2116(a); *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009).

6

there is a dispute over the Referee's procedural judgment, this Court may override the determination of the Referee *only* if there is a clear showing of abuse of discretion. *Steadwell v. Unemployment Comp. Bd. of Rev.*, 463 A.2d 1298, 1300 (Pa. Cmwlth. 1983).

Here, however, this Court cannot consider whether the Referee abused his discretion in denying the Employer's alleged continuance request. It is well settled that "[t]his Court may not consider any evidence that is not part of the certified record on appeal," and it cannot permit parties to supplement the record with material that was "never introduced before the administrative agency." *Pa. Turnpike Comm'n v. Unemployment Comp. Bd. of Rev.*, 991 A.2d 971, 974 (Pa. Cmwlth. 2009); *Anam v. Workmen's Comp. Appeal Bd.*, 537 A.2d 932, 936 (Pa. Cmwlth. 1988). Under Rule 1951(a) of the Pennsylvania Rules of Appellate Procedure, the scope of the record of the proceedings to be considered by the Court consists of

> (1) The order or other determination of the government unit sought to be reviewed.
>
> (2) The findings or report on which such order or other determination is based.
>
> (3) The pleadings, evidence and proceedings before the government unit.

Pa. R.A.P. 1951(a). Thus, this Court requires that the record be well established, particularly as to matters that should be made a part of the record "when counsel and [] litigants are present." *Grubbs v. Pa. Bd. of Prob. & Parole*, 481 A.2d 1390, 1391 (Pa. Cmwlth. 1984); *see also* Pa. R.A.P. 1951(b).

In *Grubbs*, 481 A.2d at 1390-91, Petitioner moved to strike several documents referenced by Respondent on appeal that were neither introduced into the

7

record nor referenced at the administrative hearing. This Court determined that, because there was no proper effort to admit them as part of the proceedings under Rule 1951(b), the documents could not qualify as part of the proceedings under Rule 1951(a). *Id*. at 1391.

The present case suffers from a nearly identical procedural deficiency. Employer maintains through its brief that it was prejudiced due to the Referee's denial of its timely request for a continuance. Employer's Br. at 5. However, this alleged continuance is only referenced in Employer's brief; there is no evidence of a request and subsequent denial in the record, and Employer failed to raise the issue at the Hearing, even though Whitaker's unavailability was addressed at the Hearing. *See* R.R. at 105. Therefore, this Court will not evaluate any potential prejudice against Employer as a result of the Referee's alleged actions, because the administrative record does not include the alleged continuance denial and Employer has not made the proper effort to supplement the record.

## 2. Referee's Exclusion of Sworn Testimony

Generally, issues of admission and exclusion of evidence are within the discretion of the lower tribunal, and this Court will not disturb such decisions unless there is a clear showing of abuse of discretion. *Capital BlueCross v. Pa. Ins. Dep't*, 937 A.2d 552, 580 (Pa. Cmwlth. 2007) (citing *Subaru of Am., Inc., v. State Bd. of Vehicle Mfrs.*, 842 A.2d 1003, 1012 (Pa. Cmwlth. 2004)). In other words, the exclusion of evidence constitutes a procedural defect subject to reversible error only if prejudice results to the complaining party. *Capital BlueCross*, 937 A.2d at 580-81. The excluded evidence in dispute in the present case is a Statement purportedly made by Whitaker. Employer's Br. at 5; R.R. at 105. Therefore, this Court must

determine whether Employer demonstrated that the Referee's unilateral exclusion of hearsay evidence constituted a procedural defect that prejudiced Employer's case.

Hearsay is "an out of court [statement] offered to prove the truth of the fact asserted [in the statement]."[12] *Commonwealth v. Coleman*, 326 A.2d 387, 388 (Pa. 1974). When hearsay evidence is *properly objected to* by the opponent, it does not function as competent, probative evidence to support the factual findings of the Board. *Unemployment Comp. Bd. of Rev. v. Stiles*, 340 A.2d 594, 595-96 (Pa. Cmwlth. 1975); *see Harrison v. Unemployment Comp. Bd. of Rev.*, 383 A.2d 965, 966 (Pa. Cmwlth. 1978). However, "a hearsay statement that is not objected to is still competent evidence and may form the basis for a finding of fact if it is corroborated by other competent evidence." *Pierce-Boyce v. Unemployment Comp. Bd. of Rev.*, 289 A.3d 130, 137 (Pa. Cmwlth. 2022) (citing *Remaly v. Unemployment Comp. Bd. of Rev.*, 423 A.2d 814, 816 (Pa. Cmwlth. 1980)). Further, this Court has determined that "it is unnecessary that the finding of willful misconduct be supported by substantial evidence absent the hearsay. . . . All that is necessary is that the facts adding weight or confirming the hearsay be established by competent evidence." *Pierce-Boyce*, 289 A.3d at 137 (quoting *Socash v. Unemployment Comp. Bd. of Rev.*, 451 A.2d 1051, 1053 (Pa. Cmwlth. 1982)).

The Referee was correct in concluding that Whitaker's Statement constituted hearsay evidence because it was being offered for its truth to compensate for her absence. R.R. at 105. Nonetheless, the burden lies with the *opponent* to object to the admission of hearsay evidence. *Harrison*, 383 A.2d at 966. Due to

---

[12] Testimony that is based on an individual's personal knowledge and observations is not considered hearsay. *See Baird v. Unemployment Comp. Bd. of Rev.*, 372 A.2d 1254, 1257 (Pa. Cmwlth. 1977).

Claimant's failure to object to the admission of the Statement,[13] the evidence should have been admitted.

However, despite the fact that the Statement was improperly excluded, the exclusion does not rise to the level of a procedural defect. In *Unemployment Compensation Board of Review v. Cooper*, 360 A.2d 293, 295-97 (Pa. Cmwlth. 1976), this Court held that there was a lack of competent evidence to support the referee's factual findings when the only evidence of such facts came from hearsay testimony (without objection) and no other firsthand knowledge or corroboration. Similarly in the present case, neither of Employer's witnesses had adequate firsthand knowledge of the events on February 13 and both relied solely on the Statement to testify as to Claimant's conduct. R.R. at 101-02. The extent of the personal testimony is Poe's contention that she heard loud voices coming from Whitaker's office and heard Claimant leaving. *Id.* Such vague testimony cannot fairly rise to the level of competent corroborating evidence that would establish a factual finding that Claimant voluntarily departed from his employment. Therefore, even if the Statement had been admitted after Claimant failed to object, a favorable determination in reliance on the Statement would have to be reversed because "finding[s] of fact based solely on hearsay [cannot] stand." *Walker v. Unemployment Comp. Bd. of Rev.*, 367 A.2d 366, 370 (Pa. Cmwlth. 1976). As a

---

[13] It appears that the Referee improperly excluded the Statement based on Claimant's prior hearsay objection to the admission of Whitaker's questionnaire, which was a separate piece of evidence. *See Zurawski v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth., No. 610 C.D. 2015, filed September 9, 2015) (stating that contemporaneous objections to evidence are required before referees when there is an opportunity to do so (citing *Williams v. Unemployment Comp. Bd. of Rev.*, 484 A.2d 831 (Pa. Cmwlth. 1984))). Under Rule 69.414(a) of the Commonwealth Court's Internal Operating Procedures, unreported decisions of the Commonwealth Court issued after January 15, 2008, may be cited for their persuasive value. 210 Pa. Code § 69.414(a).

result, Employer was not prejudiced by the Referee's unilateral decision to exclude the Statement.

## B. Credibility of Medical Testimony

This Court cannot disturb the Board's findings concerning the credibility of Claimant's testimony. In UC cases, "[t]he Board is the ultimate factfinder . . . and is empowered to make credibility determinations. The Board's findings of fact are conclusive upon appeal[.]" *Elser v. Unemployment Comp. Bd. of Rev.*, 967 A.2d 1064, 1069 n.8 (Pa. Cmwlth. 2009). The Board's determination is not subject to reversal based on differing accounts of witnesses who were or could have been present, as long as substantial evidence supports the Board's findings. *Tapco v. Unemployment Comp. Bd. of Rev.*, 650 A.2d 1106, 1108-09 (Pa. Cmwlth. 1994); *Russo v. Unemployment Comp. Bd. of Rev.*, 13 A.3d 1000, 1003 (Pa. Cmwlth. 2010). Factual findings are supported by substantial evidence if "a reasonable mind, without weighing the evidence or substituting its judgment for that of the fact finder, might accept [the evidence] as adequate to support the conclusion reached." *Minelli v. Unemployment Comp. Bd. of Rev.*, 39 A.3d 593, 595 n.4 (Pa. Cmwlth. 2012).

Here, most of the evidence admitted at the Hearing consisted of Claimant's perspective of the events on February 13. Although there were factual disparities between the parties' stories, Claimant's testimony is supported by a doctor's letter confirming his diagnosis and treatment.[14] R.R. at 107. Moreover, he was the only witness at the hearing who could provide a firsthand account of what

---

[14] "Patrick J Trio . . . was [seen] on 5/14/2024 . . . for a follow up of ongoing anxiety and panic disorder. Patient states that he has been having stressful situations at work . . . This culminated in a recent interaction with the supervisor that brought upon [sic] a panic attack." R.R. at 107.

allegedly occurred between himself and Whitaker. Therefore, substantial evidence existed such that a reasonable mind could believe that Claimant left work due to a medical emergency with no intention of quitting his position.

Furthermore, the Board is not at fault for affirming the Referee's findings based largely on one side of the story. Employer had advance notice of Whitaker's unavailability but failed to assure her attendance. Because Whitaker was the only other individual present during the February 13 incident, her testimony was clearly germane to the case. However, it is not the responsibility of the lower tribunal, nor of this Court, to compensate for the shortcomings of the parties' evidence. Thus, the Board did not err in its credibility determination based on the evidence on the record.

## C. Waiver of Issues Excluded from Briefs on Appeal

The Board asserts that the question of whether Section 402(b), 43 P.S. § 802(b), or Section 402(e), 43 P.S. § 802(e), applies to the facts has been waived on appeal because Employer failed to raise this issue in its brief. Board's Br. at 11. We agree.

Under Rule 2116(a) of the Pennsylvania Rules of Appellate Procedure, "[t]he statement of the questions involved must state concisely the issues to be resolved . . . [and] will be deemed to include every subsidiary question fairly comprised therein. No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa.R.A.P. 2116(a). Thus, an appellate brief must "provide . . . discussion of a claim with citation to relevant authority" or "develop the issue in [another] meaningful fashion capable of review" to prevent waiver. *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009). It is

not the obligation of the courts to formulate arguments on behalf of the parties. *Id*. Because Employer failed to develop its argument concerning which section of the UC Law to apply, that issue has been waived.

## IV. Conclusion

Based on the foregoing discussion, this Court concludes that there was no abuse of discretion by the Referee when he denied Employer's alleged request for a continuance and excluded Whitaker's hearsay Statement. Further, the Board did not err in affirming the Referee's credibility determination of Claimant's evidence and testimony at the Hearing. Accordingly, we agree with the Board that Employer waived further challenge under Section 402(b) of the UC Law, 43 P.S. § 802(b), and we affirm the Board's July 17, 2024, order granting Claimant UC benefits.

_____
CHRISTINE FIZZANO CANNON, Judge

13

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Township of Darby,                          :
                        Petitioner          :
                                            :
            v.                              :
                                            :
Unemployment Compensation                   :
Board of Review,                            :     No. 1084 C.D. 2024
                        Respondent          :

# **O R D E R**

AND NOW, this 19th day of November, 2025, the July 17, 2024, order of the Unemployment Compensation Board of Review is AFFIRMED. Petitioner's request for relief in the form of a remand for further testimony is DENIED.

_____
CHRISTINE FIZZANO CANNON, Judge